Kenneth L. FULMER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S00–8612–PC–1019.

Supreme Court of Indiana.

March 8, 1988.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Office of the Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Petitioner Kenneth L. Fulmer petitioned the trial court for post-conviction relief pursuant to Post–Conviction Rule 1, Ind.Rules of Procedure. The trial court denied Fulmer's petition. Fulmer now appeals, raising three issues:

1) Whether the trial court accepted his guilty plea without giving him the advisement of rights required by statute;

2) Whether the trial court erred by failing to advise petitioner of the parole consequences of his plea; and

3) Whether the trial court abused its discretion by failing to order a competency hearing.

In the fall of 1975, Fulmer was serving a life sentence for first degree murder at the Indiana State Prison. Fulmer and four other inmates escaped from their confinement, entered the home of the warden and kidnapped him at gunpoint. When the men were caught, Fulmer was charged with armed kidnapping, Ind.Code § 35–1–55–1 (Burns 1975)[1], and kidnapping for ransom, Ind.Code § 35–1–55–3 (Burns 1975).[2]

The State requested dismissal of the charge of kidnapping for ransom. In November 1976, Fulmer pled guilty to the charge of armed kidnapping. The trial court found that Fulmer was competent to stand trial, that Fulmer's guilty plea was voluntary and intelligent, and that the plea was supported by a factual basis. The court entered judgment and sentenced Fulmer to life imprisonment.

**1.** Repealed by 1976 Ind.Acts, P.L. 148 § 24 and replaced by Ind.Code § 35–42–3–2, effective October 10, 1977.

**2.** Repealed by 1976 Ind.Acts, P.L. 148 § 24.

**3.** Superseded by Ind. Code § 35–35–1–2, effective September 1, 1982.

**4.** In 1976, when Fulmer was sentenced for the conviction based on his guilty plea to the kidnapping charge, only three circumstances could lead to the imposition of consecutive sentences

## I. *Advisement of Rights*

■ Fulmer claims that the court erred at the plea hearing in violation of Ind.Code § 35–4.1–1–3 (1975), the statute controlling advisement of rights at that time.[3] First, he asserts that the trial court did not inform him of "any possibility of the imposition of consecutive sentences." Ind.Code § 35–4.1–1–3(d) (Burns 1975). This phrase refers only to the sentence which is imposed for the conviction based on the guilty plea. *Morlan v. State* (1986), Ind., 499 N.E.2d 1084. The life sentence that Fulmer was serving at the time of his conviction of kidnapping did not directly affect the sentence imposed for the kidnapping conviction.[4] Although Fulmer will spend more time in prison than he would have had he not already been in prison, that is a collateral consequence of his conviction of kidnapping and does not warrant advisement of consecutive sentences under the statute.

■ Second, Fulmer alleges that the trial court failed to inform him "of the maximum possible sentence and minimum sentence for the offense charged...." Ind. Code § 35–4.1–1–3(a) (Burns 1975). At the plea hearing, the judge advised Fulmer that a conviction of armed kidnapping carried a penalty of life imprisonment. This penalty was mandatory and was not expressed as a maximum and minimum in the controlling statute. *See* Ind.Code § 35–1–55–1 (Burns 1975). The record states:

THE COURT: Now, Mr. Fulmer, as I read the statute defining the offense of kidnapping, it carries a potential penalty of imprisonment during your natural life, are you acquainted with the penalty of that charge?

at a single sentencing. *See* Ind.Code §§ 35–12–1–1 (Burns 1975) (consecutive sentences may be imposed for commission of or attempt to commit crime while armed with deadly weapon); 35–23–4.1–18(d) (Burns 1975) (consecutive sentences may be imposed for certain violations of the Firearms Act); 35–21–8–1 (Burns 1975) (consecutive sentences mandatory upon conviction for "jail breaking" and commission of same felony for which defendant was imprisoned at the time of his escape).

DEFENDANT: Yes, Your Honor.

THE COURT: And now having your rights in mind and understanding the maximum possible penalty, is it still your desire to plead guilty to the charge?

DEFENDANT: Yes.

The allegedly omitted advisement of the minimum sentence is the same as the advisement of the maximum sentence. The trial court did not err in omitting an advisement indistinguishable from one already given.

Third, Fulmer claims the trial court failed to inform him "that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby." Ind. Code § 35-4.1-1-3(e) (Burns 1975). The record includes the following exchange:

THE COURT: And as I understand it, there is no plea bargaining involved in this plea at all. Is there any agreement that the State has made or that is not apparent here that has not been mentioned in open Court?

DEFENDANT: No, there isn't.

■ Where there is no plea agreement the court need not advise the defendant that the court would not have been bound by such an agreement had there been one. The failure of the court to inform the defendant of statutory advisements that have no application to his case cannot affect the voluntariness or intelligence of his plea and does not constitute error.

The trial judge complied with the statutory requirements in a manner so as to afford Fulmer his constitutional rights.

## II. *Advice on Parole Consequences*

■ Fulmer claims that the trial court's failure to advise him of the parole consequences of his plea affected its voluntariness. The judge was not required to advise the defendant of the parole consequences of his plea. The parole impact of a plea is neither a constitutional right nor an advisement required by statute. *See Jones v. State* (1986), Ind., 491 N.E.2d 542. Moreover, at the time of the plea hearing, there were no parole consequences to his plea.

## III. *Competency Hearing*

Finally, Fulmer argues that his plea was not voluntary and intelligent because the judge failed to order a hearing to determine whether he was competent to stand trial. A competency hearing is required when "the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceeding and assist in the preparation of his defense." Ind.Code § 35-36-3-1(a) (Burns 1985 Repl.).

■ In response to appellant's request, the court appointed two psychiatrists to examine Fulmer and determine his competency to stand trial. Both psychiatrists reported that Fulmer understood the nature of the charges and could assist counsel in his defense. The judge questioned Fulmer at the plea hearing and at the sentencing hearing to determine whether he was oriented as to time, place and person and whether he understood the nature of the proceedings. He responded appropriately. The record does not indicate reasonable grounds for ordering a competency hearing. The judge correctly found Fulmer competent to stand trial.

The trial court correctly denied the petition for post conviction relief; its judgment is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.