**Ivan JONES, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A04–8809–PC–313.**

Court of Appeals of Indiana,
Fourth District.

April 19, 1989.
Rehearing Denied June 7, 1989.

Susan K. Carpenter, Public Defender, Thomas C. Hinesley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Ivan Jones appeals the denial of his petition for post-conviction relief filed under Ind.Rules of Procedure. Post–Conviction Rule 1. Jones pled guilty to a charge of robbery and received an eight year sentence in accordance with a plea agreement. Soon afterwards, his probation, imposed for an earlier conviction, was revoked and he was ordered to serve a previously suspended six year sentence. Jones testified that an unknown authority ordered the six year sentence to begin upon the completion of the eight year sentence (consecutively). Jones alleges his plea was not voluntary and intelligent because the trial judge

failed to advise him of the possibility he might receive consecutive sentences. We affirm.

## FACTS

In 1984, Jones pled guilty as charged to Robbery, a class B felony and received an eight year sentence in accordance with a plea agreement. It is undisputed the trial court was aware of Jones's status as a probationer. It is also undisputed the trial court did not inform him of the possibility of consecutive sentences. Three days after this combined guilty plea/sentencing hearing, Jones's probation—imposed for a 1983 burglary conviction—was revoked and a suspended six year sentence he received therewith was ordered executed. The two sentencing orders were silent with respect to whether they were to run consecutively. Some unknown "authority"[1] (possibly the Department of Corrections) ordered the sentences to run consecutively in the order they were imposed—the eight year sentence before the six year sentence. Jones testified at his PC hearing he was aware his present conviction would trigger the revocation of his probation. But, he testified his attorney had represented that any sentence he might receive as a result of the probation violation would run concurrently with the present eight year sentence. He testified further he would not have pled guilty but would have gone to trial had he known the sentences could run consecutively.

## ISSUE

Whether the trial court was required to inform Jones that an agency without legal authority could cause any sentence he would receive as a result of a probation violation to run consecutively to his present sentence?

## DECISION

As petitioner, Jones had the burden of establishing his grounds for relief by a preponderance of the evidence. P.C.R. 1, § 5. Evidence the trial judge failed to give one of the statutory advisements does not sustain Jones's burden. He must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. To prevail on appeal from denial of post-conviction relief, Jones must satisfy us that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite of that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

■ Jones argues correctly that the court, required to follow Ind.Code 35–50–1–2(b)[2], committed error by failing to order his sentence to run consecutively to any he might receive as a result of an impending probation revocation. *LeMaster v. State* (1986), Ind., 498 N.E.2d 1185; *Chandler v. State* (1983), Ind., 451 N.E.2d 319; *Bay v. State* (1986), Ind.App., 489 N.E.2d 1220. Apparently some unknown agency (possibly the Department of Corrections) ordered Jones's sentences to run consecutively in accordance with this statute. We note a fair reading a *LeMaster, supra,* indicates only the present sentencing court is authorized to apply the statute. The application by any later authority would necessarily

---

1. We held oral argument on March 7, 1989 primarily to obtain more information. We sent questions to the parties beforehand so they would come prepared to provide us with the information we needed. One question we submitted read as follows: "Who (and under what authority) ordered Jones's previously suspended six year sentence to be executed upon completion of his present eight year sentence?" Neither party offered an adequate answer. Neither party has submitted additional information to the clerk of this court to answer this question for us. We still do not have a definite answer to this crucial question.

2. IC 35–50–1–2(b) was revised in 1987 without substantive change. At the time of Jones's sentencing it read as follows:

If a person commits a crime:
(1) After having been arrested for another crime, and
(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime:
the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and the sentences are imposed.

presume an earlier erroneous sentencing. The enhancement of consecutive sentencing under the statute attaches to a conviction for a crime committed while on probation and a defendant contemplating a conviction that carries such an enhancement must be informed thereof. Any administrative application of the statute to correct an erroneous sentencing is patently illegal.[3]

 A trial court, when accepting a guilty plea, must inform the defendant of the possibility of consecutive sentences. Ind.Code 35–35–1–2. However, this requirement extends only to the sentence meted out for that particular guilty plea. *Jamerson v. State* (1979), 182 Ind.App. 99, 394 N.E.2d 222. The revocation of parole (or probation) is a collateral consequence of a guilty plea and as such a court has no duty to inform the defendant of any consequences he may face as a result of such revocation. *Morlan v. State* (1986) Ind., 499 N.E.2d 1084; *Jamerson, supra.* Likewise, the unauthorized application of I.C. 35–50–1–2(b) is a collateral consequence the trial court could not have anticipated. The trial court cannot be required to warn a defendant of an unauthorized, illegal, administrative act that might expose him to prejudice.

Any prejudice Jones encountered by the imposition of consecutive sentences is attributable to the unauthorized action of another agency—not as a result of an advisement deficiency. He received from the trial court exactly what he bargained for, an eight year sentence. He may not claim prejudice from the receipt of an erroneous but beneficial sentence. *St. John v. State* (1988), Ind.App., 529 N.E.2d 371.

Therefore, we affirm.

STATON, J., concurs.

CHEZEM, J., concurs in result.

---

**3.** We need not burden this opinion with an explaination of why the out-of-court enhancement of sentences, as done in this case, is illegal. Jones has been wronged but he has petitioned the wrong forum. If we grant him the relief he seeks—a withdrawal of his guilty plea —he would nevertheless be exposed to the mandatory application of consecutive sentencing under 35–50–1–2(b). We doubt Jones could be lucky enough to receive a favorable, erroneous sentence a second time. If, in fact, Jones is being held after the expiration of his eight year sentence without a lawful court order, he should file a *habeas corpus* type action.