**Michael ARNOLD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–8712–PC–503.

Court of Appeals of Indiana, Second District.

June 13, 1989.

Transfer Denied Sept. 5, 1989.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Michael Arnold appeals the denial of his petition for post-conviction relief.

We affirm.

On August 19, 1981, Arnold pleaded guilty to one count of criminal trespass (a class A misdemeanor), two counts of theft (class D felonies), and two counts of burglary and one count of attempted burglary (class B felonies). The pleas were accepted by the court at that time.[1] They were not entered pursuant to a plea agreement with the State. At the time that the offenses were committed, Arnold was on probation for a prior burglary offense. Arnold's probation was subsequently revoked on Au-

---

1. Notwithstanding a record entry dated September 11, 1981: "Court now accepts plea of guilty...." (Record at 67), the plea was accepted on August 19 when the court entered judgment of conviction upon all six counts.

gust 26, 1981, and a six-year suspended sentence was reinstated. On September 11, 1981, Arnold was given the presumptive sentence on each count of the instant charges, with the sentences to run concurrently. The total length of time imposed was ten years, the presumptive sentence for burglary. The instant sentences were ordered to be served consecutively to the sentence resulting from the probation revocation.[2]

Arnold claims his pleas were not entered knowingly, voluntarily or intelligently because the trial court failed to advise him of the following:

(1) the minimum possible sentences for burglary and theft;

(2) the possibility of an increase in sentence by reason of his prior convictions; and

(3) the requirement of consecutive sentencing as a result of the probation revocation.

Arnold claims that if he had received these advisements pursuant to I.C. 35–4.1–1–3 (current version at I.C. 35–35–1–2) (Burns Code Ed.Supp.1988),[3] he would not have entered his guilty pleas.

Arnold contends that the appropriate standard of review is the entire record standard of *Neeley v. State* (1978) 269 Ind. 588, 382 N.E.2d 714. Arnold's contention is based on the fact that his guilty plea was entered prior to December 3, 1981, the date as of which the strict standard of review announced in *German v. State* (1981) Ind., 428 N.E.2d 234, became effective. Arnold argues that because the court failed to expressly overrule *Neeley* in *White v. State* (1986) Ind., 497 N.E.2d 893, the *Neeley* standard must be applied to pleas entered prior to December 3, 1981.

While it is true that the *White* decision did not expressly overrule *Neeley* as it did *German*, it is also true that our supreme court has since applied the *White* standard

of review to pleas entered prior to *German's* effective date. *See, e.g., Morlan v. State* (1986) Ind., 499 N.E.2d 1084 (DeBruler, J., dissenting).

Under the new standard of review announced in *White, supra,* 497 N.E.2d 893, Arnold had the burden of establishing his grounds for relief by a preponderance of the evidence. *Hutchinson v. State* (1986) Ind., 501 N.E.2d 1062. Evidence that the trial judge failed to give him one of the requisite statutory advisements does not sustain appellant's burden. The petitioner must establish specific facts by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White, supra.* To prevail upon appeal from denial of post-conviction relief, Arnold must satisfy the court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite of that reached by the trial court. *Hutchinson, supra,* at 1064.

I.

Arnold claims that the trial court failed to advise him in accordance with I.C. 35–4.1–1–3 of the minimum possible sentence for burglary and theft. We note that at the post-conviction relief hearing, however, Arnold only asserted that the trial court had failed to advise him of the minimum sentence for theft. In fact, Arnold testified that the trial judge *had* advised him of the minimum sentence for burglary as a class B felony. In any event, the transcript of the guilty plea hearing shows that the judge instructed him that "the presumptive sentence for a class B felony is ten (10) years, to which the Court might add ten (10) years for aggravating circumstances, or might deduct four (4) for mitigating circumstances." Record at 107. The accused is fully informed of the minimum and maximum penal consequences when he is advised of the sentence range

---

2. The instant offenses were charged under three separate cause numbers. The guilty plea and sentencing hearings for these offenses occurred in Criminal Division Three, while the probation violation hearing occurred in Criminal Division Four.

3. Although the statute has been modified, the controlling provision of the statute has not been substantially changed.

for the offenses charged. *Hutchinson, supra,* 501 N.E.2d at 1065; *Silvers v. State* (1986) Ind., 499 N.E.2d 249.

■ It is true that the trial court failed to advise Arnold of the one-year minimum sentence for theft. The court also did not advise him of the possibility of alternative misdemeanant sentencing. However, evidence that the trial court failed to give one of the statutory advisements does not sustain appellant's burden. *Morlan, supra,* 499 N.E.2d 1084. Although Arnold claims that he would have tried to negotiate a different plea agreement [4] or would have elected to exercise his right to a trial, we fail to see how the trial court's failure to advise him of the minimum sentence for theft would have changed his decision to plead when he was facing a minimum sentence of six years and a maximum sentence of 69 years. In any event, the court was not required to advise him of the misdemeanant sentencing alternative. *Hutchinson, supra,* 501 N.E.2d 1062; *Zavesky v. State* (1987) 3d Dist.Ind.App., 514 N.E.2d 658.

Arnold has not satisfied us that in this regard the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.

## II.

■ Arnold also claims that the trial court erred in not advising him of the possibility of an increase in sentence by reason of his prior convictions, as required by I.C. 35–4.1–1–3 (now I.C. 35–35–1–2). Arnold argues that his sentences for theft and burglary were increased due to his prior record because the trial court gave him the presumptive sentence for each count instead of the minimum sentence. This argument simply does not square with the applicable statutes.

**4.** As hereinbefore noted, the plea was not made pursuant to any agreement.

**5.** This claim is apparently based upon the following language from I.C. 35–4.1–1–3:
"The Court shall not accept a plea of guilty from the defendant without first addressing the defendant and

I.C. 35–50–2–5 (Burns Code Ed.Repl. 1985) provides in part as follows:
"A person who commits a class B felony shall be imprisoned for a fixed term of ten [10] years, with not more than ten [10] years added for aggravating circumstances or not more than four [4] years subtracted for mitigating circumstances...."

I.C. 35–50–2–7 (Burns Code Ed.Supp.1988) provides in part that:
"A person who commits a Class D felony shall be imprisoned for a fixed term of two (2) years, with not more than two (2) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances...."

Thus it is clear that the trial judge did not in fact increase Arnold's sentences due to Arnold's prior convictions. The court would have increased the sentences only if he increased the presumptive sentences. Thus Arnold would have been harmed by the trial court's failure to give Arnold this particular advisement only if the court had increased the presumptive sentence on each count. We find no prejudice by this omission.

## III.

■ Finally, Arnold argues that the court failed to advise him that the instant sentences had to be served consecutively to the six-year sentence imposed as a result of the revocation of his probation.[5] Arnold was told that he might receive consecutive sentences on the robbery charges and that his guilty plea might affect his probation status. He was not, however, advised that the guilty plea sentence and the earlier suspended sentence might have to be served consecutively. Although we find no ground for reversal in this argument, it merits some discussion.

\* \* \* \* \* \*

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences...."

Indiana Code 35–50–1–2 (Burns Code Ed. Supp.1988)[6] has been the subject of much confusion and litigation in recent years. When a court *must* impose a consecutive sentence pursuant to subsection (b) as opposed to when it *may* impose a consecutive sentence pursuant to subsection (a) has not been made entirely clear. *See, e.g., Sides v. State* Ind., 490 N.E.2d 318, *aff'd* (1986) 507 N.E.2d 560 (I.C. 35–50–1–2(b) not applicable to defendant who committed second offense while on bond awaiting trial on first offense); *Groff v. State* (1986) Ind., 488 N.E.2d 711 (I.C. 35–50–1–2(b) was applicable where defendant committed second offense while free on bond while awaiting appeal of his first conviction); *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850 (I.C. 35–50–1–2(b) not applicable when defendant committed second offense while an escapee from jail pending trial upon an earlier offense); *Frazier v. State* (1987) 3d Dist.Ind. App., 512 N.E.2d 215, *trans. denied* (sentencing court could not impose sentence pursuant to I.C. 35–50–1–2(a) for burglary to be served consecutively to whatever sentence might be imposed in a pending sentencing hearing in a different matter; the statute presupposes that when the second sentence is imposed so as to invoke the statute, the other sentence must already have been imposed or must be imposed contemporaneously therewith); *Killian v. State* (1987) Ind., 512 N.E.2d 411 (I.C. 35–50–1–2(b) not applicable where defendant committed second offense while in jail awaiting trial on first offense); *Kendrick v. State* (1988) Ind., 529 N.E.2d 1311 (consecutive sentencing not available under I.C. 35–50–1–2(a) because sentencing court was only imposing a single sentence pursuant to a plea of guilty to one count upon a plea agreement which called for a single sentence. The holding implies that courts sub-sequently sentencing defendant on pending charges also lack authority to impose sentencing consecutive to the instant sentence).

The interaction of the consecutive sentencing statute with the advisement statute has also caused confusion. Our review of the recent cases leads us to conclude, despite misgivings, that no advisement was necessary in Arnold's case.

At the time that Arnold entered his guilty pleas, the court was aware that Arnold was on probation. However, at that time, when the court also accepted the pleas and entered judgments of conviction, the court could not be aware of or be required to anticipate the ultimate disposition of any probation revocation issue. Arnold's probation was revoked after Arnold's pleas were entered and accepted but before Arnold was sentenced for the charged offenses. Although the court handling Arnold's probation violation had the discretion to continue probation or order his suspended sentence be executed (*see* I.C. 35–38–2–3 (Burns Code Ed.Repl.1985); *Jackson v. State* (1981) 2d Dist.Ind.App., 420 N.E.2d 1239), once probation was revoked, it became statutorily mandated that the sentences for the instant crimes be served consecutive to the executed sentence ordered by the probation hearing court.

In *Morlan v. State, supra,* 499 N.E.2d 1084, the defendant complained that he was not informed that his parolee status could result in the imposition of a consecutive sentence. Our supreme court held the parole board's action to be a collateral consequence of the defendant's plea and that therefore the court was not required to advise the parolee-defendant of the possi-

---

**6.** This statute was amended subsequent to Arnold's plea. As amended, I.C. 35–50–1–2 reads as follows:

"Consecutive and concurrent terms.—(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
(2) While the person is released:
   (A) Upon the person's own recognizance; or
   (B) On bond;
the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

bility that parole might be revoked thereby triggering a consecutive sentence.

"The phrases, 'increased sentence' and 'consecutive sentences', recited in Ind. Code 35–4.1–1–3, refer only to the sentence which is imposed for the conviction based upon a guilty plea. *Jamerson,* [*v. State,* (1979) 182 Ind.App. 99], 394 N.E. 2d [222] at 223. The trial court need only advise the accused of the effect of prior convictions which directly affect the sentence rendered upon the guilty plea." *Morlan, supra,* at 1086.

In *Fulmer v. State* (1988) Ind., 519 N.E. 2d 1236, the defendant was charged with armed kidnapping and kidnapping for ransom after he escaped from jail while serving a life sentence. The trial court did not advise him at the time he entered his guilty plea of the possibility of the imposition of a sentence consecutive to the life sentence.[7] Our supreme court held this was not error, again reasoning that the advisement statute referred only to the sentence which is imposed for the conviction based upon the guilty plea.

"The life sentence that Fulmer was serving at the time of his conviction of kidnapping did not directly affect the sentence imposed for the kidnapping conviction.[4] Although Fulmer will spend more time in prison than he would have had he not already been in prison, that is a collateral consequence of his conviction of kidnapping and does not warrant advisement of consecutive sentences under the statute." *Id.* at 1237.

Finally, in *Kendrick v. State, supra,* 529 N.E.2d 1311, our supreme court reversed this district's holding that the trial court's failure to advise of the possibility of consecutive sentences was erroneous. We had reasoned that the omission was erroneous because the defendant had other charges pending against him at the time of his guilty plea which could have been reduced to judgment prior to Kendrick's sentencing, and therefore a consecutive sentence was possible. The supreme court held that no advisement was necessary because the sentencing court was only imposing a single sentence and that accordingly there was no authority to order consecutive sentences under I.C. 35–50–1–2(a).

The recent decision of *Jones v. State* (1989) 4th Dist.Ind.App., 536 N.E.2d 1051, further supports the conclusion that no advisement was necessary. In *Jones,* the defendant committed an offense while on probation. He thereafter, upon the charged offense, pleaded guilty to robbery and received an eight-year sentence at a combined guilty plea-sentencing hearing. His probation was subsequently revoked and his suspended sentence was ordered to be executed. Both orders were silent as to whether the sentences were to run consecutively, and neither court advised him of the possibility of consecutive sentences. At a later time the sentences were ordered to be served consecutively, presumably by the Department of Corrections. The Fourth District held that the trial court was not required to warn the defendant of "an unauthorized, illegal, administrative act" by which consecutive sentencing had been ordered. However, the Fourth District also concluded that revocation of probation was a collateral consequence and the trial court had no duty to inform the defendant of any consequence he may face as a result of the revocation.[8]

To be sure, whether or not probation is revoked, the sentence which had been suspended had in fact been imposed. The statute would therefore appear to require a

---

7. I.C. 35–50–1–2 was not applicable at the time Fulmer was sentenced. The authority to impose consecutive sentences was discretionary at that time and applied only with respect to certain enumerated crimes, none of which were involved. *See Fulmer, supra* at 1237, n. 4.

8. We question the Fourth District's conclusion that the court sentencing for the offense committed while Jones was on probation should have imposed a sentence consecutive to any incarceration resulting from a subsequent revocation of the probation. Our hesitance to accept the conclusion exists notwithstanding *Bay v. State* (1986) 3d Dist.Ind.App., 489 N.E.2d 1220, relied upon by the court in *Jones,* which held that a court must order a sentence for an instant conviction to be served consecutively to a sentence suspended earlier but under circumstances in which it was not shown that the probation had been or would be revoked.

sentence upon the new offense to be consecutive to the suspended sentence, whether or not that suspended sentence became subsequently executed. However, we construe *Morlan, supra,* and *Fulmer, supra,* to suggest, if not state, otherwise.

In this context, the requirement that a defendant pleading guilty must be advised of "any possibility of the imposition of consecutive sentences" (I.C. 35–4.1–1–3(d)) is given limitation. It would appear that case law limits the possibility of consecutive sentences to the situation in which the sentencing court has discretion to impose such sentences for more than one offense then under consideration. It would appear conversely that consecutive sentences are not such as to trigger the necessity of an advisement, if that possibility depends upon collateral or uncertain circumstances even if the statute requires that sentences be served consecutively. *Jamerson v. State* (1979) 4th Dist., 182 Ind.App. 99, 394 N.E. 2d 222, relied upon in *Jones, supra,* involved a clearly collateral act by the parole board. Under the facts of that case, if parole was revoked because the parolee was convicted of a new crime, the board might require the person to serve the remainder or a portion of the original sentence before commencing to serve the new sentence.

The provisions of I.C. 35–50–1–2(b) have binding application not only to courts which are imposing sentences upon multiple convictions but upon parole revocation authorities and upon probation revocation courts. *LeMaster v. State* (1986) Ind., 498 N.E.2d 1185, held that a court need not impose consecutive sentences for multiple convictions although concurrent sentences for those convictions would have to be served consecutive to an earlier sentence upon which the defendant had been paroled. The *LeMaster* court noted that whether the parole authorities did or did not revoke parole, such would only affect the starting date of LeMaster's concurrent sentences.

This observation would imply that although the concurrent sentences would have to be consecutive to the earlier sentence, the sentencing court need not so state in its order.[9] It would also, of course, imply that the sentencing court need not advise LeMaster that the concurrent sentences imposed for the multiple convictions might be required to be served consecutively to the remainder of his earlier sentence if the parole were revoked. If parole were not revoked, presumably the concurrent sentences would commence immediately. Such result places the consecutive serving of sentences within the power of the parole authorities.

This is in distinction to *Jones v. State, supra,* which involved an invalid administrative decision concerning probation rather than parole. As a general proposition, only the court which suspended the sentence and granted probation may revoke the probation and "order execution of the sentence that was suspended at the time of initial sentencing." I.C. 35–38–2–3(f)(2).

It would seem reasonable, however, to apply the *LeMaster* rationale to the probation situation and to hold that a sentence for a crime committed while on probation must be served consecutive to the sentence that was suspended, but that the new sentencing court need not so state in its judgment, nor need the court revoking or continuing probation take such circumstance into account. Apparently then, the matter of when an imposed sentence is to begin is a matter of administrative decision and is not the concern of the courts. This is perhaps an imprecise way to apply our laws but it would seem to comport with I.C. 35–38–3–2(d) (Burns Code Ed.Repl.1985) which provides as follows:

"A term of imprisonment begins on the date sentence is imposed, *unless execution of the sentence is stayed according to law.*" (Emphasis supplied.)

In *Jones, supra,* our Fourth District was clearly correct in stating that the sentenc-

**9.** In this regard, it is more accurate to consider the term "consecutive sentence" as a term of art referring solely to the imposition of consecutive sentences by the same court upon more than one charge in that court and in that proceeding. Under such construction, the term has no appli-

cation to the determination made that one sentence must be served following completion of the time served upon an earlier conviction. *See Morlan, Fulmer, Kendrick* and *LeMaster, supra. But see Groff* and *Frazier, supra.*

ing court could not have anticipated an unauthorized administrative imposition of consecutive sentences following another court's revocation of probation. In light of *LeMaster,* however, we must disagree with the *Jones* decision to the extent that it declares illegal an "out-of-court enhancement of sentences," i.e., implementation of mandatory consecutive sentencing provisions. As we have noted, when it is uncertain at the time of sentencing whether a parole or probation will be revoked, imposition of consecutive sentences may only be achieved by the corrections authorities.

The only case which gives us pause in our conclusion that no advisement was required is *Pearson v. State* (1981) 4th Dist. Ind.App., 428 N.E.2d 808. In *Pearson,* the defendant was ordered to serve a four-year sentence for escape consecutively to the sentence he was already serving. The Fourth District distinguished *Jamerson, supra,* 394 N.E.2d 222, saying "the present case does not concern a Parole Board's decision to revoke parole but rather the court's duty to impose a consecutive sentence" under I.C. 35–50–1–2(b). The court held that the phrase "any possibility of the imposition of consecutive sentences" in I.C. 35–4.1–1–3(d) included the consecutive sentence mandated by I.C. 35–50–1–2. *Pearson, supra* at 809.

Although this case has not been explicitly overruled, alternative conclusions as to its precedential value may be drawn. The first is that it has been implicitly overruled by the above Supreme Court cases. The second is that it is a valid exception to the *Fulmer–Morlan* line of cases by virtue of the fact that no contingency or discretion remained to be exercised at the time Pearson's plea was entered; i.e., in contrast to the above cases, there was no discretionary authority remaining to be exercised by the instant court, the parole board or the probation hearing court.

Without hazarding an opinion as to whether the *Pearson* rationale would be accepted by our Supreme Court today, we hold that Arnold was not entitled to an advisement as to the possibility of consecutive sentencing as a result of his probation revocation. Although it appears to us that advisements with respect to determinable and almost certain consequences, albeit collateral, would better assure an intelligent and informed plea,[10] the thrust of our Supreme Court's holdings is that the trial court is not required to anticipate the effect of a subsequent sentence or a prior sentence in a different proceeding and advise with respect to it. It would appear from the holdings that the only time that an advisement of the possibility of consecutive sentences is definitively required is when the sentencing court itself is imposing two or more sentences which must be or in the discretion of the court may be ordered to be served consecutively. In light of the fact that Arnold was advised that the trial court had the discretion to order consecutive sentences for crimes to which Arnold was pleading on August 19, 1981, no reversible error has occurred.

The judgment is affirmed.

SHIELDS, P.J., and NEAL, J.[11], concur.

---

10. *See Hennings v. State* (1984) 3d Dist.Ind.App., 465 N.E.2d 1142, 1144, n. 1.

11. Judge Neal concurred in this opinion prior to his May 24, 1989, resignation from the Court.