Steven R. **MENIFEE**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee.

No. 48A02–9201–CR–16.

Court of Appeals of Indiana, Second District.

Oct. 19, 1992.

Rehearing Denied Dec. 1, 1992.

---

Geoffrey B. Yelton, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana, Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Steven Menifee appeals the trial court's revocation of his in-home detention,[1] and its deviation from a previous plea agreement in imposing consecutive sentences upon three separate convictions which were rendered at different times.

We affirm.

Upon appeal, Menifee presents three issues for our review, which we restate.

    I. Whether the trial court improperly revoked Menifee's in-house detention upon Notice of Probation Violation when it had not issued an order advising him of the terms of his in-house detention;

    II. whether the trial court erred by ordering consecutive sentences upon three convictions which were rendered in separate proceedings, when a previous plea agreement upon probation violation required that Menifee serve the three sentences as two four-year sentences to be served consecutively, concurrent with a six-month sentence followed by one year of probation;

    III. whether there was sufficient evidence to sustain the trial court's finding that Menifee violated the terms of his in-home detention?

On October 30, 1989, Menifee was convicted of Burglary, a Class B felony,[2] upon his plea of guilty. The court sentenced Menifee as follows:

"The defendant is sentenced to the Indiana Department of Correction for a period of six (6) years. The Court suspends the execution of sentence except for one year, which defendant shall spend in treatment at Richmond State Hospital with credit for time spent in such treatment. If defendant should fail to complete treatment the remainder of the sentence shall be served at the Department of Correction. Further, the defendant shall be placed on probation for a period of five (5) years." Record at 3.

On October 15, 1990, Menifee pleaded guilty to violation of probation. The bases for the probation violation were his convictions of Theft, a Class D felony,[3] and Criminal Mischief,[4] and his failure to: 1) keep the Probation Department advised as to his address; 2) complete a court-ordered community service restitution program; 3) pay restitution to the victim of the burglary; and 4) participate in a vocational rehabilitation program, participate in an alcohol dependency program, and submit to a urine test upon the request of the Probation Department. Menifee's sentence upon viola-

---

1. The in-home detention was a provision of an order granting Menifee's Petition to Modify Sentence. In addition to placing Menifee on in-home detention, the order also placed him on "probation for the balance of the time of his sentence under the ordinary and usual conditions of probation." Record at 25.

2. I.C. 35-43-2-1 (Burns Code Ed.1985).

3. I.C. 35-43-4-2 (Burns Code Ed.Supp.1992).

4. I.C. 35-43-1-2 (Burns Code Ed.Supp.1992).

tion of his probation was reflected in the trial court's docket entry:

"The Court now finds that the defendant has violated the terms of his probation, orders his probation revoked and his incarceration for a period of four (4) years. Said sentence shall be served at the Riverside Community Corrections Corp. and shall run consecutive to the sentence [for Theft and Criminal Mischief]." Record at 6.

Menifee had received a sentence of one year upon the Theft conviction, and a sentence of six months upon the Criminal Mischief conviction. Also relevant to the resolution of the issues herein presented is Menifee's conviction of Attempted Robbery, a Class C felony,[5] for which he received an eight-year sentence, which was suspended.[6]

Upon finding Menifee guilty of probation violation, the trial court ordered that four years of his original six-year sentence be executed, and further ordered that it be served consecutive to the sentences for Theft and Criminal Mischief. Six months of the sentence for Theft and Criminal Mischief was executed and one year was suspended. The court further ordered that four years of a previously suspended eight-year sentence for Attempted Robbery be executed, with the remaining four years suspended. Finally, the court ordered that the two four-year executed terms be served concurrently, and that they be served consecutive to the six-month executed sentence.

On June 21, 1991, the trial court held a hearing on Menifee's Petition to Modify Sentence, in which he requested that his sentence be changed to in-home detention. The court granted his request, ordering that Menifee be placed on in-home detention and probation for the balance of his sentence.

On September 25, 1991, the Probation Department filed another Notice of Probation Violation,[7] based upon allegations of domestic violence between Menifee and his girlfriend. A hearing was held on September 30, 1991, regarding the violation, after which the court issued the following order:

"The Court finds after hearing evidence that the defendant has violated the conditions of probation.... The Court revokes defendant's suspended sentence and probation and finds as follows:

1) Defendant was previously sentenced to the Indiana Department of Correction on Cause No. 48D03–8909–CF–123 for the Crime of Burglary, a Class B Felony, for a term of six (6) years;

2) Defendant was previously sentenced to the Indiana Department of Correction on Cause No. 48D03–8911–CF–156 for the crime of Attempted Robbery, a Class C Felony, for a term of eight (8) years;

3) Defendant was previously sentenced to the Indiana Department of Correction on Cause No. 48D03–9008–CF–106 for the crime of Theft, a Class D Felony, for a term of one-and-a-half (1½) years.

---

**5.** I.C. 35–41–5–1 (Burns Code Ed.1985).

**6.** It is not clear from the record before us exactly when Menifee was convicted of this offense. Although the Fourth District in a consolidation of companion appeals, *Menifee v. State,* 600 N.E.2d 967 *infra,* stated: "On July 23, 1990, the trial court sentenced Menifee to eight years after he pled guilty to attempted robbery." The record in the case before us does not contain such information. The docket sheet for the instant case states that the Attempted Robbery charge was "pending" as of February 5, 1990, but the presentence report, filed on October 24, 1989, reflects an Attempted Armed Robbery charge on November 2, 1982, which was not prosecuted. It does not reflect an Attempted

Robbery Charge or disposition other than that. However, in a combined guilty plea/probation violation hearing on October 15, 1990, the trial court indicated that Menifee had already been convicted of, and sentenced for, Attempted Robbery. The record is similarly unhelpful with regard to the particulars of the sentence imposed upon the Attempted Robbery conviction. However, the record contains several collateral references to the length of the sentence (8 years), and indicates that the sentence was suspended.

**7.** The Fourth District opinion reflects that this Notice of Violation was filed September 12, 1991.

The Court now executes said suspended sentences and runs them consecutively resulting in the defendant's incarceration at the Indiana Department of Correction for a period of fifteen-and-a-half (15½) years for violating conditions of probation." Record at 40.

Menifee appeals from the above Order.

We note at the outset that this appeal arises in a somewhat unique posture. Menifee has prosecuted three separate appeals in challenging the trial court's Order. The three appeals are virtually identical, differing only in that they are premised upon the three separate convictions (Theft/Criminal Mischief, Attempted Robbery, and Burglary) upon which the probation violation hearing was held. The legal issues presented and the arguments supporting those issues are the same in each appeal. Our Fourth District has affirmed the trial court's Order in a consolidated appeal combining separate appeals premised upon the Attempted Robbery conviction, Cause No. 48A05–9201–CR–11, and the Theft/Criminal Mischief conviction, Cause No. 48A04–9201–CR–11. *See Menifee v. State*, (1992) 4th Dist. Ind.App., 600 N.E.2d 967; *see* footnote 6, *supra*.

### I. AND III.

As stated previously, the issues in the instant case are identical to the issues presented in the appeals brought upon the Attempted Robbery and Theft/Criminal Mischief convictions. We agree with the prior resolution of the issues concerning the substantive and procedural correctness of the trial court's revocation of Menifee's in-house detention, and discern no need to restate herein our Fourth District's capable treatment of those issues. Accordingly, we incorporate by reference the portions of the Fourth District's *Menifee v. State, supra*, which discuss and decide the issues identified therein as issues "1" and "3".

### II. SENTENCE

We treat separately, however, the trial court's imposition of consecutive sentences upon the three separate convictions. The Fourth District identified this as issue "2",

and phrased it as: "whether the trial court erred in sentencing him." 600 N.E.2d at 968. That opinion addresses the sentencing issue narrowly—in the context of the variation between the plea agreement and the sentence imposed. However, we examine the sentencing more broadly; specifically, we examine the trial court's judgment for fundamental error committed in imposing consecutive sentences.

Menifee argues that the imposition of consecutive sentences was improper because the sentence pronounced by the trial court at the October 15, 1990 hearing effectively superseded the respective sentences he had initially received upon conviction of the three separate offenses.

Trial courts may order that sentences be served consecutively only when expressly authorized to do so by statute. *Kendrick v. State* (1988) Ind., 529 N.E.2d 1311. Statutory authority for imposition of consecutive sentences is contained in I.C. 35–50–1–2 (Burns Code Ed.Supp.1992):

"**Consecutive and concurrent terms.—**
(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) While the person is released:

(A) Upon the person's own recognizance; or

(B) On bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Section (b) requires that a court impose consecutive sentences in instances in which a defendant commits a crime while on probation or parole for another crime. Section (a) confers discretion upon the court when imposing consecutive sentences. This discretion is limited, however, to cases in which a court is contemporaneously impos-

ing two or more sentences. *Bartruff v. State* (1990) Ind., 553 N.E.2d 485, 488.

■ We begin with recitation of the principle that a trial court may not order that a sentence be served consecutive to another sentence which the defendant has already received in a different proceeding at a different time. In *Kendrick v. State, supra,* the defendant had charges pending against him in two separate divisions of the Marion County Superior Court. He pleaded guilty and was sentenced upon the charges in one division. He subsequently pleaded guilty to the charges in the other division. Upon his guilty plea to the second set of charges, the trial court sentenced him and ordered that the sentence be served consecutive to the sentences upon the first guilty plea. The defendant appealed, arguing that his guilty plea was not knowingly made because he was not advised of the possibility of consecutive sentences. Our Supreme Court, although discussing a different question, indicated that consecutive sentences upon the second sentence were improper:

"In the case on appeal, the Division One sentencing court [in the first case] was imposing a single sentence upon a plea of guilty to one of several counts, upon a plea agreement which called for a single sentence. There was therefore no occasion for the exercise of the general authority to order consecutive sentences granted by I.C. § 35–50–1–2(a). [Citations omitted.] Furthermore, and most importantly here, there would at a later time in the future, when sentencing upon [the second set of charges], in the absence of some agreement between the defense and the prosecution, be no occasion for the exercise of that same authority." 529 N.E.2d at 1312.

Later, in *Seay v. State* (1990) Ind., 550 N.E.2d 1284, our Supreme Court reaffirmed that generally a court may not impose consecutive sentences for unrelated separate crimes when sentences have been imposed for the two crimes at separate times. In *Seay,* the defendant was found guilty upon two separate counts and sentenced to fifteen and thirty years, respectively, upon Count I, and to fifteen years upon Count II; the trial court ordered that the sentence for Count II be served consecutive to Count I. The defendant appealed, *inter alia,* that the State improperly delayed filing the charges in that case (instead of filing them along with similar charges upon which he was convicted earlier that year) in order to obtain successive habitual offender enhancements. Citing the limitations of I.C. 35–50–1–2(a), the court held that the State may not seek multiple habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated into one trial. *Seay, supra,* 550 N.E.2d at 1289. In so holding, the court stated:

"However, the sentence appellant had previously received from another court in another cause was not a proper subject for this court's consideration in determining the propriety of consecutive sentences, and the court acted beyond the scope of its authority when it ordered the commencement of the instant sentence to be postponed until the completion of the sentence imposed in [the previous case]." *Id.*

In *Arnold v. State* (1989) 2d Dist. Ind. App., 539 N.E.2d 969, *trans. denied,* we specifically addressed the situation in which a crime is committed while on probation. In *Arnold,* the defendant was charged with several criminal offenses which he allegedly committed while on probation. After a probation violation hearing, the defendant's original sentence was reinstated. He later was convicted of the subsequent crimes for which the trial court sentenced him and ordered that the sentence for the subsequent crime be served consecutive to the reinstated sentence. The court noted that "once probation [upon the original conviction] was revoked, it became statutorily mandated that the sentences for the instant crimes be served consecutive to the executed sentence ordered by the probation hearing court." 539 N.E.2d at 973.

■ In the instant case, while on probation for the first crime (Burglary), Menifee committed and was sentenced for the sec-

ond pair of crimes (Theft/Criminal Mischief). At the October 15, 1990 probation violation and sentencing hearing, the trial court ordered that the Theft/Criminal Mischief convictions sentence be served consecutive to the remainder of the Burglary sentence, which was reinstated. The court's action in this regard was proper in light of I.C. 35–50–1–2(a) because the same court contemporaneously imposed sentence on the first crime (reinstating the suspended sentence) while at the same time pronouncing sentence upon the second set of crimes. Inasmuch as that original order of consecutive sentences was proper, the court was within its power to reinstate that same sentence at the September 30, 1991 probation violation hearing at which the challenged consecutive sentences were imposed.

As noted previously, the record in the instant case contains scant information concerning the Attempted Robbery conviction. It is not clear when the crime was committed, when judgment was pronounced, or when sentence was imposed. In order to permissibly "stack" the consecutive sentences for the three separate convictions, the original imposition of each separate consecutive sentence must have been proper, i.e., must have been authorized by statute. Without knowing when the Attempted Robbery was committed, without knowing precisely what sentence was imposed for that crime (i.e., whether it was consecutive to the sentence for any other crime) and without knowing Menifee's status (i.e., whether incarcerated, on probation or parole) at the time of commission of the crime, it is impossible to discern from the record before us whether the original imposition of consecutive sentences, if indeed it was so ordered, was proper. Nevertheless, we are able to conclude that the Fourth District's resolution of this issue is proper.

Our research indicates that the Fourth District's determination is appropriate in view of the respective records of the two cases consolidated in that appeal, those records being adequate to make such a determination. Although the record in the instant case does not afford us the same latitude in deciding the same issue in the instant case, the record in the Fourth District's consolidated appeal does so. *See* *Hudson v. Hudson* (1985) 2d Dist. Ind. App., 484 N.E.2d 579, 581 ("our examination of the record in that case reveals that …").

The record there reveals that Menifee was convicted of Theft and Criminal Mischief while on probation for Burglary, and that he was convicted of Attempted Robbery while on probation for the other three convictions. The statutory prerequisites for imposition of consecutive sentences having thus been met, the trial court's sentencing in this regard was proper.

In summary, because we know the relevant facts with certainty, albeit gleaned from the record in a separate but substantially related and similar appeal, it would be inappropriate to reverse the consecutive aspect of the trial court's sentencing when to do so would create directly conflicting determinations in our Court of Appeals. This is especially so here because a contrary determination in the instant case, based upon an incomplete record, would be clearly wrong in view of what we know from a review of the record in the Fourth District's consolidated appeal.

The judgment of the trial court is affirmed.

BUCHANAN, J., concurs.

CHEZEM, J., concurs in result and files separate opinion.

CHEZEM, Judge, concurring in result.

I concur with the majority's result; however, I do not agree with the majority's path to that result. First, the majority cites *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311 and *Seay v. State* (1990), Ind., 550 N.E.2d 1284 for the premise that Indiana Code 35–50–1–2(a) restricts the trial court's authority to order consecutive sentences to only those occasions where the court is meting out two or more terms of imprisonment. Regardless of the correctness or the true meaning of those decisions however, *Kendrick* and *Seay* do not apply to the case at hand.

The majority does correctly state that section (b) of I.C. 35–50–1–2 *requires* a court to impose consecutive sentences in instances where a defendant commits a crime while on probation or parole for another crime or while out on bond or his own recognizance. Further, the majority correctly makes note of the sparse record before *us* on the Attempted Robbery conviction and appropriately recites Fourth District's determination of the sentence related to the Attempted Robbery conviction. However, I would also note that the appellant holds the obligation to provide a complete record to the reviewing court. *Rondon v. State* (1989), Ind., 534 N.E.2d 719, 729, *cert. denied*, 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383. Failure to provide evidence of alleged error precludes our review of the alleged error. *Id.* Since the defendant has provided us no information regarding the timing of the commitment of the Attempted Robbery, we cannot know whether the imposition of consecutive sentences was improper. The defendant's decision to file three separate appeals for each probation violation has left this panel with an insufficient record as to the Attempted Robbery conviction which was before the Fourth District; therefore, we cannot determine when the Attempted Robbery was committed. In addition, the Fourth District, missing some of the facts supplied in this appeal, may have reached a different result if it would had some of the record from this appeal.

However we do not base our decisions on speculative and imaginary facts not before us. To hold otherwise encourages future litigants to provide us with only the parts of the trial court record which are most favorable to them. Thus, for the foregoing reasons, I respectfully concur with the majority's result.