**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**ERIC M. KYNER**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Jul 16 2013, 9:03 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ERIC M. KYNER,                                          )
                                                       )
    Appellant-Defendant,                               )
                                                       )
        vs.                                          )     No. 49A02-1301-PC-124
                                                       )
STATE OF INDIANA,                                      )
                                                       )
    Appellee-Plaintiff.                                )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc Rothenberg, Judge
Cause No. 49G02-0605-PC-086248

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Eric M. Kyner, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. He raises several issues, which we consolidate and restate as follows: 1) whether the post-conviction court erred in concluding that Kyner was properly designated as a sexually violent predator, and 2) whether the post-conviction court erred in concluding that he was properly placed on parole. Finding no error, we affirm.

## Facts and Procedural History

In 2006, Kyner was charged with burglary, a Class A felony; rape, a Class B felony; criminal confinement, a Class D felony; and battery, a Class A misdemeanor. Pursuant to a plea agreement, Kyner agreed to plead guilty to the rape and criminal confinement charges. In exchange, the State agreed to dismiss the burglary and battery charges, and recommend that Kyner be sentenced to twelve years imprisonment executed in the Indiana Department of Correction for the rape conviction, to be served consecutively to three years imprisonment suspended to sex offender probation for the criminal confinement conviction. The plea agreement also specified that Kyner would register as a sex offender. The trial court accepted the agreement and Kyner was sentenced accordingly.

Kyner was paroled on May 10, 2010. On August 2, 2011, the trial court ordered that Kyner be supervised by probation while completing his parole obligation. On August 23, 2011, Kyner was given notice of a probation violation. On September 9, 2011, the trial court held a hearing and discharged Kyner from probation. On December

2

20, 2011, the parole board found Kyner guilty of a parole violation and revoked his parole.

On January 17, 2012, Kyner filed, pro se, a petition for post-conviction relief, alleging that he was improperly placed on parole and that he was not informed at the time of his sentencing that he would be required to register as a sexually violent predator for the rest of his life. The post-conviction court held a hearing on the petition on July 18, 2012. After giving the Attorney General's office an opportunity to respond to the petition, the court issued findings of fact and conclusions of law denying Kyner's petition on January 8, 2013. Kyner now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

#### I. Standard of Review

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1, § 5; Johnson v. State, 832 N.E.2d 985, 991 (Ind. Ct. App. 2005), trans. denied. To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite the one reached by the post-conviction court. Johnson, 832 N.E.2d at 991. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Id.

In addition, the post-conviction court in this case made findings of fact and conclusions of law pursuant to Indiana Post-Conviction Rule 1, § 6. We accept the post-conviction court's findings of fact unless they are clearly erroneous, but accord

conclusions of law no deference. Johnson, 832 N.E.2d at 992. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Id. (quotation and citation omitted).

## II. Designation as a Sexually Violent Predator

The Indiana Sex Offender Registration Act ("the Act") was amended in 2007 to define a person who has committed one of a number of qualifying offenses, including rape, a sexually violent predator by operation of law if the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994.[1] Ind. Code § 35-38-1-7.5(b). A sexually violent predator is subject to a lifetime registration requirement. Ind. Code § 11-8-8-19(b). Kyner was convicted of rape and was released from incarceration after June 30, 1994, and thus, under the 2007 Amendment, is a sexually violent predator by operation of law. Kyner appears to argue that applying the statute to him constitutes a violation of the constitutional prohibition on ex post facto laws. He claims that his designation as a sexually violent predator is punitive in nature and is improper in light of the fact that at his sentencing in 2006, the Act only required him to register as a sex offender for ten years.

Kyner's arguments were rejected by our supreme court in Lemmon v. Harris, 949 N.E.2d 803 (Ind. 2011). In Lemmon, the court determined that the 2007 amendment of the Act applied retroactively to the defendant, who was convicted of one of the qualifying offenses in the statute and was released from incarceration after June 30, 1994. Id. at

---

[1] Previous versions of the Act required the court to determine whether a person was a sexually violent predator at the sentencing hearing.

809. The court further determined that even though the defendant had been sentenced in 1999 and was required at the time to register as a sex offender for ten years, retroactively applying the 2007 Amendment of the Act to him was not unconstitutional because it was nonpunitive. Id. at 813. In so doing, the court noted that the Act was in place at the time of the defendant's sentencing, id.; cf. Wallace v. State, 905 N.E.2d 371, 384 (Ind. 2009) (holding that applying the Act to the defendant, who was charged, convicted, and served his sentence prior to the Act being enacted, violated the prohibition on ex post facto laws), and that the 2007 Amendment advanced the Act's legitimate regulatory purpose of public safety, Lemmon, 949 N.E.2d at 813. Moreover, the court noted that under the 2007 Amendment, the defendant could petition the court to consider whether he should no longer be considered a sexually violent predator ten years from the date of his release from prison. Lemmon, 949 N.E.2d at 812-13; see also Ind. Code § 35-38-1-7.5(g). Like the defendant in Lemmon, Kyner may petition the court to consider whether he should no longer be considered a sexually violent predator ten years from the date of his release. His current designation as a sexually violent predator, however, is proper, and the post-conviction court did not err in so finding.

### III. Parole

In May 2006, at the time Kyner committed the underlying offenses, Indiana Code section 35-50-6-1(d) stated: "When an offender (as defined in IC 5-2-12-4) completes the offender's fixed term of imprisonment, less credit time earned with respect to that term, the offender shall be placed on parole for not more than ten (10) years."[2] Indiana

---

[2] This section of the Indiana Code was later amended to include a lifetime parole requirement for sex offenders, but that requirement only applies to offenses committed after June 30, 2007.

Code section 5-2-12-4[3] defined an "offender" as someone who committed any one of a number of offenses, including rape. Thus, Kyner is subject to this ten year parole requirement. Kyner argues that he was improperly placed on parole because he was never informed at his sentencing of the parole consequences of his plea. Our supreme court has held, however, that a court is "not required to advise the defendant of the parole consequences of his plea." Fulmer v. State, 519 N.E.2d 1236, 1238 (Ind. 1988); see also Jones v. State, 491 N.E.2d 542, 543 (Ind. 1986). Thus, even if Kyner was not informed at his sentencing that he would be placed on parole after his release from prison, subjecting him to the statutory requirement of parole was not improper nor was it a breach of his plea agreement.

Kyner also appears to contend that when he was released from prison, he was "turned over" to begin his sentence for his criminal confinement conviction—three years of sex offender probation. However, as Kyner concedes, he was placed on parole upon his release from prison in May of 2010. The parole board has the authority to discharge a person from his parole prior to his fixed term expiring. See Ind. Code § 35-50-6-1(b); see also Meeker v. Ind. Parole Bd., 794 N.E.2d 1105, 1109 (Ind. Ct. App. 2003) (holding that by "turning over" the defendant to serve his sentences for a second set of convictions, the parole board effectively discharged him from the sentences for his first set of convictions), trans. denied. Here, however, there is no evidence that the parole board discharged Kyner from his sentence for his rape conviction. See Parker v. State, 822 N.E.2d 285, 288 (Ind. Ct. App. 2005) (holding that the parole board properly reinstated the balance of the defendant's sentence when it revoked his parole because there was no

---

[3] This section of the Indiana Code has since been repealed.

evidence that it had ever discharged or "turned over" his sentence). Thus, Kyner was both on parole and on probation at the same time. See Pallett v. State, 901 N.E.2d 611, 615 n.2 (Ind. Ct. App. 2009) (an offender may be on parole for one offense while serving a consecutive sentence), trans. denied. And when the trial court discharged Kyner from his probation, this did not serve as a discharge from his parole from the Department of Correction. Probation and parole, while similar, are distinct. See Harris v. State, 762 N.E.2d 163, 167 (Ind. Ct. App. 2002) ("probation relates to judicial action taken before the prison door is closed, whereas parole relates to executive action taken after the door has closed on a convict") (citation and quotations omitted), trans. denied. For the foregoing reasons, the post-conviction court did not err when it found that Kyner was properly placed on parole.

## Conclusion

Kyner has failed to demonstrate by a preponderance of the evidence that he was entitled to post-conviction relief. The judgment of the post-conviction court is therefore affirmed.

Affirmed.

FRIEDLANDER, J. and CRONE, J., concur.