David Gwin TAYLOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 185–S–2.

Supreme Court of Indiana.

Aug. 20, 1986.

Larry D. Combs, Clarke House, Franklin, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant David Gwin Taylor was convicted after a jury trial of two class A felonies: rape while armed with a deadly weapon, Ind. Code § 35–42–4–1 (Burns 1985 Repl.), and criminal deviate conduct while armed with a deadly weapon, Ind. Code § 35–42–4–2 (Burns 1985 Repl.). He was sentenced to consecutive terms of 50 years imprisonment on each count.

Before trial, Taylor pleaded guilty to three other charges arising from the same incident: armed robbery and two counts of criminal confinement while armed with a deadly weapon. In pleading guilty, Taylor admitted that he and an accomplice robbed a Franklin restaurant at gunpoint and abducted two female restaurant employees, a cook and a waitress. Taylor was further accused of raping the cook and forcing her to perform oral sex, but he maintained his innocence with respect to those charges. The waitress, who escaped by jumping from Taylor's vehicle, testified at trial, although neither the rape nor the criminal deviate conduct charge related to her.

In this direct appeal, Taylor raises seven issues:

1. Whether the court properly admitted a witness' testimony about roadside statements made by the waitress and her physical condition immediately after her escape;

2. Whether photographs depicting injuries suffered by the waitress were properly admitted;

3. Whether the trial court erroneously admitted a police officer's testimony concerning the high-speed pursuit of Taylor's vehicle;

4. Whether the trial court erred by permitting the waitress to testify fully about her experience during the armed robbery and the rape of the cook;

5. Whether reference to criminal activity by Taylor beyond the sex-related charges violated his due process right to a fair trial;

6. Whether the reference by the waitress to the armed robbery and confinement violated an order *in limine* and required the granting of his motions for mistrial, and

7. Whether there is sufficient evidence to sustain the jury's verdict.

The facts most favorable to the jury's verdict show that Taylor and his accomplice, Robert Adams, entered the Waffle and Steak Restaurant in Franklin, Indiana, about 4:30 a.m. on April 10, 1984. They ordered coffee and propositioned the waitress. The cook was the only other employee in the restaurant. When the last customer left, the two men approached the register, displayed a gun and demanded money. After the waitress gave them the cash drawer, the two men forced the women into their vehicle at gunpoint.

The two women initially rode in the back seat while the men were in front. Armed with a gun, Taylor told the women to take off their clothes and threatened to "blow (their) heads off" if they refused. Taylor hit the cook in the face and pointed the gun at both women as they disrobed. Both Taylor and Adams repeatedly said they were escapees from a federal prison and would "lose nothing" by killing the women.

Taylor passed the gun to Adams, who aimed it at the women as he drove the vehicle. Appellant moved into the backseat and sat at one end next to the cook. He lowered his pants and forced the cook to perform oral sex as he held the gun to her head. Taylor ordered the waitress to go to the front seat to give Adams "a hand." Taylor proceeded to rape the cook in the back seat, while Adams forced the waitress to perform oral sex on him. At some point, the gun was passed back to Taylor, who ordered the cook to make a lewd comment to the waitress. When the cook refused, Taylor held the gun to her head and threatened to kill her.

Adams pushed the waitress across the front seat. She opened the door and jumped out as the car was traveling at about 60 m.p.h. along I–65. A passing truck driver spotted the waitress almost immediately as she stood by the roadway covered with abrasions and blood and wearing only a bra. The truck driver stopped and radioed police, who dispatched a description of the vehicle to patrolling squad cars.

Immediately after the waitress jumped from the vehicle, Adams said he wished that he had had the gun in his hands because he would have killed her. Taylor continued his sexual assault of the cook in the back seat until Adams requested that

the men change places. They stopped briefly while the switch was made. Soon afterward, a police vehicle began following them. A high-speed chase began. When Taylor tried to exit the highway, the car hit a guardrail before coming to a stop. Adams ran from the vehicle and escaped. Police found Taylor and the cook within the vehicle.

Taylor originally told police that Adams forced him to rob the restaurant and abduct the women. He gave a fictitious name for Adams. Later, Taylor changed his story by confirming Adams' real identity.

### I. Truck Driver's Testimony

Bud Feirick, the truck driver who spotted the waitress next to the highway, testified at trial. He said the waitress' first words to him were, "They're going to kill her. They're going to kill her." He testified that the waitress was referring to the cook. Taylor argues that Feirick's testimony was improperly admitted because it was hearsay which violated Taylor's Sixth Amendment right to confront witnesses.

 Hearsay is an out-of-court statement offered to prove the truth of the facts asserted therein and thus resting on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Sills v. State* (1984), Ind., 463 N.E.2d 228. The waitress was available as a witness. Indeed, she did testify later at trial and was extensively cross-examined by defense counsel. Therefore, Feirick's testimony about the waitress' roadside statements was admissible. *Bundy v. State* (1981), Ind., 427 N.E.2d 1077.

Taylor also claims error in Feirick's description of the waitress as nude and "covered with blood from head to toe." Taylor claims that the waitress' appearance after her escape bore no relevance to the charges pending at trial and therefore was inadmissible. Because the waitress was not the alleged victim of the pending charges, he says, the sole intent of any testimony about her statements or injuries was to prejudice the defendant.

██ Feirick's graphic description of the waitress was properly admitted. The use of force is an element of rape and criminal deviate conduct. Feirick's testimony illustrated the injuries which the waitress sustained in her desperate attempt to escape. It is unlikely that one would risk jumping from a car traveling at 60 m.p.h. unless one were being held there by force. Furthermore, one would hardly risk one's life intentionally with such drastic action unless the fate within the car were subjectively worse. This testimony was relevant because it completed the story of the event and tended to increase the inference that force and/or a deadly weapon was used to perpetrate the sex crimes.

### II. Admission of Photographs

During the waitress' testimony, the trial court admitted three color photographs of her taken in a hospital emergency room shortly after she jumped from Taylor's vehicle. The photographs vividly showed the abrasions and bruises which covered her body. Defense counsel objected to admission of the photographs, contending that they were not relevant to the charges at trial. Taylor claims on appeal that the photographs "served no purpose other than prejudicing the jury against the [a]ppellant."

██ Admission of photographs is within the discretion of the trial court. *Dresser v. State* (1983), Ind., 454 N.E.2d 406. A photograph is relevant and admissible if a witness would be permitted to testify to its content. *Id.* Inasmuch as Feirick's testimony concerning the waitress' appearance after her escape was admissible, the photographs of the waitress were properly admitted because they merely illustrated Feirick's testimony.

### III. Testimony About the Pursuit

Officer Robert Service testified that he spotted Taylor's vehicle on I-65 not long after the waitress escaped. He began following the car, which accelerated and soon was traveling up to 110 m.p.h. Service

testified that the chase ended about 20 minutes later when the getaway vehicle hit a guardrail on an exit ramp and stopped. In this appeal, Taylor claims Service's testimony was irrelevant and prejudicial.

Evidence of happenings near in time and place which complete the story of a crime are properly admissible under the theory of *res gestae*. *McMillian v. State* (1983), Ind., 450 N.E.2d 996. Testimony concerning Taylor's flight from police and his subsequent arrest completed the story of the crimes with which he was charged. Such testimony was not unduly prejudicial. Therefore, Service's testimony was admissible.

## IV. *Testimony of Co-Worker*

Taylor claims that much of the waitress' testimony was improperly admitted. First, he alleges that the waitress should not have been allowed to testify that Taylor had forced her into his automobile. The waitress testified, "They had a gun on us at all times and they told us to get into the car." Taylor notes that he already had pleaded guilty to criminal confinement of the waitress and that the order *in limine* prohibited the prosecution from making any reference to that charge or his guilty plea. He further argues that the testimony was immaterial because the cook was the only victim of the charges at trial.

There is every indication that the trial court's order *in limine* was effective at screening from the jury Taylor's plea of guilty. To recognize the granting of this order as a basis for prohibiting testimony by or about the waitress would have resulted in presenting the jury only fragmentary pieces of information about Taylor's conduct. We think the trial court was correct in permitting the waitress' testimony.

The waitress corroborated the cook's testimony that she did not consent to Taylor's sexual acts and that a gun was used to facilitate the sex crimes. Therefore, this part of the waitress' testimony was relevant and properly admitted as evidence on the elements of force and use of a deadly weapon.

Next, Taylor alleges that the trial court erred when it permitted the waitress to testify that Taylor ordered her to the front seat to perform sexual acts on Adams. Once again, Taylor alleges the testimony was immaterial and prejudicial, considering no charges concerning the waitress were before the jury. Testimony about Taylor's sex-related orders was relevant because it heightened the inference that he did commit rape and criminal deviate conduct. Furthermore, prejudicial utterances made during the commission of an offense are admissible. *Edwards v. State* (1984), Ind., 466 N.E.2d 452. Thus, Taylor can not claim error from the waitress' testimony concerning Taylor's order.

Finally, Taylor claims the waitress should not have been permitted to testify as to why she jumped from the vehicle. She testified, "I was in fear of my life. I was wanting to get help and that was the only way I could figure I was going to get help. I never thought about getting hurt jumping out of the car, I just wanted to get help for (the cook)." Taylor claims this testimony merely revealed the waitress' state of mind and therefore was neither relevant nor admissible. However, this testimony indicates the waitress' motive for jumping out of a car traveling at 60 m.p.h. and supports the statements of both women that Taylor and Adams had a gun. Therefore, admission of this testimony was proper.

## V. *Evidence of Other Crimes*

Taylor claims that testimonial references to the armed robbery and confinement denied him a fair trial. He contends evidence of these other crimes prejudiced the jury.

Evidence which is otherwise competent or relevant and which tends to establish the defendant's guilt of the crime charged is not excludable merely because it proves or tends to prove him guilty of another and distinct crime, especially where the two crimes are connected.

*Bryan v. State* (1983), Ind., 450 N.E.2d 53. For instance, evidence of happenings near in time and place which complete the story of a crime are properly admissible under the theory of *res gestae*, even if they tend to establish the commission of other uncharged crimes. *McMillian v. State*, 450 N.E.2d 996. In addition, evidence of uncharged crimes may be admitted under the theory of *res gestae* where each of the crimes is part of an uninterrupted transaction. *Bond v. State* (1980), 273 Ind. 233, 403 N.E.2d 812.

██ The armed robbery was the first crime in an uninterrupted transaction which began with robbery and ended in rape. As soon as Taylor and Adams acquired the cash register drawer, they ordered the women into their getaway vehicle. Almost immediately, Taylor ordered them to undress. The cook then was forced to perform sexual acts and raped. Taylor switched places with Adams, who continued the sexual assault of the cook until the vehicle crashed into a guardrail. The entire incident took several hours. Thus, despite the granting of Taylor's motion *in limine* and the obvious adverse effect, testimony concerning the armed robbery and confinement were admissible under *res gestae* and did not deprive him of his right to a fair trial.

### VI. *Motions for Mistrial*

During the waitress' testimony, defense counsel made two motions for mistrial, and both were denied. Taylor claims the rulings constitute reversible error because they deprived him of a fair trial. Denial of a motion for mistrial will be reversed only for an abuse of discretion. *Dudley v. State* (1985), Ind., 480 N.E.2d 881.

Immediately before the first motion for mistrial, the prosecutor asked the waitress, "Now, after you were in the front seat and you were forced to do what you told us about, then what happened?" The waitress answered, "He, the other guy, knocked me up against the door and turned around and said this f..... bitch...." Defense counsel objected, contending the testimony was hearsay, and moved for a mistrial.

██ Testimony concerning statements made by the defendant's accomplices is admissible under the *res gestae* exception to the rule barring hearsay evidence. *Arnold v. State* (1984), Ind., 460 N.E.2d 494. However, Taylor argues that the cumulative effect of the entire line of questioning of the waitress was so prejudicial that the judge had no choice but to grant a mistrial at this point to ensure that Taylor received a fair trial.

Defense counsel based this first motion for mistrial upon portions of the waitress' testimony which were properly admitted, as we noted above. Taylor cannot claim that he was prejudiced by the introduction of this evidence so as to require a mistrial.

The second motion for mistrial arose while defense counsel was cross-examining the waitress about the gun which Adams was pointing at the women. The waitress testified that she did not remember which of Adams' hands rested on the steering wheel and which held the gun. Defense counsel prompted her by saying, "You saw the gun in his hand at the Steak and Waffle, right?" The waitress agreed and defense counsel asked, "What hand did he have the gun in there?" The witness responded:

"No, excuse me, but, the Defendant had the gun in the Waffle & Steak, because he was setting (sic) at the counter and was pointing the gun at the time the other guy was getting the cash register, but the other guy had the gun in the car."

Defense counsel then moved for a mistrial which the trial court refused to grant.

Taylor claims the second motion for mistrial should have been granted because the waitress' testimony violated the motion in limine by implying an armed robbery had occurred before the rape. Taylor can hardly allege error here when he elicited the allegedly harmful testimony by first mentioning the restaurant. Nevertheless, we will address the merits of this argument.

The granting of a motion *in limine* before trial is not a final ruling upon the admissibility of evidence; it is a protective order designed to prevent prejudicial questions and statements from being presented to the jury before the trial court has an opportunity to rule upon their admissibility in the context of the trial. *Hare v. State* (1984), Ind., 467 N.E.2d 7. No issue is raised on appeal regarding an alleged violation of an order *in limine*. Instead, the question is whether the evidence sought to be barred by the motion *in limine* was admissible and prejudicial at the time of introduction. *Id.* Therefore, to constitute grounds for a mistrial, the violation of the motion *in limine* must produce inadmissible evidence which is so prejudicial to the defendant as to deprive him of a fair trial. Taylor cannot show prejudice because evidence of the armed robbery was admissible as part of the *res gestae* of the sex crimes with which he was charged. Therefore, the trial court did not abuse its discretion when it denied Taylor's second motion for mistrial.

### VII. *Sufficiency of the Evidence*

Taylor argues there was not sufficient evidence to support the jury's verdict. We will neither reweigh the evidence nor judge the credibility of witnesses when a party raises a sufficiency argument on appeal. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We will review only the evidence most favorable to the verdict, and the reasonable inferences therefrom, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.*

Taylor first argues that the State failed to prove beyond a reasonable doubt that a deadly weapon was used to perpetrate the two crimes. He argues that the testimony of the cook and the waitress showed that Taylor did not have possession of the gun continually while he was allegedly attacking the cook. The women testified that the gun was passed back and forth between Adams and Taylor. The cook testified that at times during the attack she could not see the gun, but she said that she "knew (Taylor) had it somewhere on his person" when he forced her to perform oral sex.

To commit rape or deviate sexual conduct while "armed with a deadly weapon," Taylor did not need to keep the gun in his hand at all times. *Taylor v. State* (1982), Ind., 438 N.E.2d 294. Before and during the assault, Taylor threatened to kill the waitress. He held the gun to her head at times. The evidence showed that when Adams had the gun, he pointed it at the women. The entire attack occurred within the car where the gun was always within the reach, if not in the hands, of Adams or Taylor. The combination of threats of murder and the presence of the gun only a few feet away at all times is sufficient to support the jury's determination that Taylor perpetrated these crimes with the aid of a gun.

Taylor further alleges that the evidence was insufficient to show that the criminal deviate conduct even occurred. The cook testified that Taylor forced her to have oral sex. Appellant finds contradicting evidence in the waitress' testimony that she did not see this occur, even though all three were sitting in the back seat at the time. However, the waitress told the jury that the car was dark and she could not see all of the events transpiring in the back seat. To the extent that this represented any contradiction at all, it was the jury's role to resolve it. The jury was entitled to render a verdict of guilty in reliance on even uncorroborated testimony by the victim. *Garcia v. State* (1984), Ind., 463 N.E.2d 1099. Thus, the evidence was sufficient to support both Taylor's convictions.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.