**John M. FRAZIER,
Petitioner-Appellant,**

**v.**

**STATE of Indiana,
Respondent-Appellee.**

**No. 71A03–8701–CR–28.**

Court of Appeals of Indiana,
Third District.

Aug. 26, 1987.

---

Susan K. Carpenter, Public Defender, Kathleen A. Lesseur, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Presiding Judge.

A jury convicted John Frazier of burglary, a Class B felony, and he was sentenced to ten years in prison.

On appeal he challenges the sufficiency of the evidence and the propriety of the court ordering his sentence to be served consecutively to that imposed on another offense.

Applying our normal standard of appellate review, we hold the evidence favoring the verdict was sufficient.

█ Evidence that the entire house had been ransacked supported an inference that more than one person was involved in the burglary. Soon after the owners chased one of the burglars, police called to the scene picked up Frazier about three-fourths of a mile from the house half-running and half-walking down Grant Road in the rain. Frazier told police he was with his girl friend and their car had broken down. This proved untrue. Then, the day after the burglary, Robert Evans called police and advised them Frazier had told Evans that Frazier was one of the burglars. At trial Evans so testified and related Frazier's account of how they had been surprised by the owners' return and how he had been left in the house when his companion escaped in their car and had then left on foot when the owners chased his companion. The evidence sustains the verdict.

When Frazier was sentenced the court was aware that he had already entered a guilty plea before The Honorable Jeanne T. Swartz in another felony case and was awaiting sentencing in that case.

█ In imposing sentence herein the trial judge ordered that Frazier's ten year sentence be served consecutively to whatever sentence Judge Swartz imposed in the other case.

Frazier argues this was error. We agree.

It is well settled that our courts have no authority to impose consecutive sentences in the absence of special statutory authority. *Royal v. State* (1979), 272 Ind. 151, 396 N.E.2d 390.

The statute which applies [1] states:

"Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively."

IC 35-50-1-2.

The statute grants discretion to the trial court but in order to justify consecutive sentences the court must be able to articulate a reason why the sentences should run consecutively rather than concurrently. *Shippen v. State* (1985), Ind., 477 N.E.2d 903.

The statute provides that the court shall determine whether terms of imprisonment shall be served consecutively. There must, of course, be at least two terms of imprisonment involved before there is anything for the statute to operate upon. We believe the language employed by the legislature necessarily presupposes that when the critical (second) sentence is imposed so as to invoke the statute, the other sentence(s) must already have been imposed or, at least, must be imposed contemporaneously therewith.

That is consistent with our decision in *Hennings v. State* (1984), Ind.App., 465

---

1. The parties agree that subsection (b) which mandates that certain sentences be served consecutively is inapplicable.

N.E.2d 1142 where we held it was not error for a trial court to have failed to advise an accused of "any possibility of consecutive sentences: in the first of two separate felony convictions when, at the time of the guilty plea, sentence had not yet been imposed upon the second offense. *Also cf. Young v. State* (1980), Ind.App., 413 N.E.2d 1083; *Banton v. State* (1979), 180 Ind.App. 698, 390 N.E.2d 687.

It is also consistent with the premise that criminal laws should be strictly construed.

Thus we hold that the court in this case was without authority to impose "consecutive" sentencing when at the time sentence was imposed for this offense Frazier had pleaded guilty to but had not yet been sentenced upon another offense.

The conviction is affirmed and the judgment is corrected by deleting the requirement that the sentence imposed herein be served consecutively to the sentence in cause number 23866 in the St. Joseph Superior Court.[2]

The judgment is modified and affirmed.

STATON and CONOVER, JJ., concur.

---

**2.** Our ruling, of course, has no bearing on whether the court in the subsequent sentencing in cause number 23866 properly imposed consecutive or concurrent sentences.