James KENDRICK, Appellant
(Petitioner Below)

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49A02–8705–PC–203.

Court of Appeals of Indiana,
Second District.

Jan. 14, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

James Kendrick appeals the denial of his petition for post-conviction relief.

We affirm.

James Kendrick was charged by information filed on April 9, 1980, with three counts of knowingly delivering heroin, class B felonies.[1]  On June 2, 1980, the State added a fourth habitual offender count.  On April 6, 1981, Kendrick pled guilty to one count pursuant to a plea agreement wherein Kendrick accepted an eight year sentence in exchange for the State's dismissal of the remaining three counts.  On May 26, 1981, Kendrick was sentenced to eight years imprisonment.

At the time of his plea, forgery and theft charges were pending against Kendrick in another division of the Marion County Superior Court in Cause CR 81–106B.  On June 4, 1981, other criminal charges were filed against him in Cause CR 81–126D.  Kendrick pled guilty, under another plea agreement, to one count in each of the unrelated causes.  In the agreement, Kendrick accepted two, seven-year consecutive sentences.  The sentences were also to run consecutively to the eight-year sentence in this cause.

## ISSUE

Kendrick asserts the guilty plea court failed to advise him of the possibility of consecutive sentences, an advisement prescribed by IC 35–4.1–1–3(d) (Burns 1979).  In addition, Kendrick argues he was prejudiced by the omission because he otherwise would not have pled guilty.  He therefore asserts his plea was involuntary, unknowing, and unintelligent.

## DISCUSSION

■  In order to sustain his burden, a petitioner for post-conviction relief must establish that the guilty plea court failed to give a statutory advisement and that the omitted advisement, if given, would have changed his decision to plead guilty.  *White v. State* (1986), Ind., 497 N.E.2d 893.  Thus, to prevail upon appeal, petitioner must establish that "the evidence as a whole leads unerringly and unmistakeably to a conclusion opposite that reached by the [post-conviction hearing] court." *Sage v. State* (1986), Ind., 501 N.E.2d 427, 429,

1. IC 35–48–4–1(1) (Burns Supp.1984).

citing *Lowe v. State* (1983), Ind., 455 N.E. 2d 1126.

■ The guilty plea court did not advise Kendrick of the possibility of consecutive sentences. That omission is erroneous because other charges were pending against him at the time of his plea. It was possible those other charges could have been reduced to judgment and sentencing prior to Kendrick's sentencing in this cause; therefore, a consecutive sentence in this cause was theoretically possible. The issue, then, is whether the post-conviction relief court erred in finding Kendrick failed to meet his additional burden of proving that, had he been given the omitted advisement, he would have changed his plea. It did not.

The thrust of Kendrick's claim is he would not have pled guilty had he known of the possibility that the sentences resulting from his later pleas could run consecutive to his sentence in this cause. He asserts he would have held out for a "package" deal in all three causes which would have afforded him less than a twenty-two year aggregate sentence. One of the causes in which Kendrick later entered a guilty plea to a forgery count was not charged at the time he tendered his first guilty plea. Therefore, the possibility of a package deal including that offense did not exist when Kendrick pled guilty to the first offense. Hence, Kendrick's claim of prejudice in not making an all inclusive plea agreement cannot encompass that cause.

■ Concerning his argument as it relates to the cause pending at the time of Kendrick's first plea, the question is one of fact. Although Kendrick testified he would not have pled guilty had he known he could receive consecutive sentences as a result of the later plea, the post-conviction court reasonably concluded otherwise. The evidence reveals Kendrick faced a possible maximum sentence of ninety years upon conviction of the three class B felonies and the habitual offender count with which he was initially charged. The fact finder could reasonably conclude Kendrick would have pled guilty to the one count and a predetermined eight year sentence, even had he known of the possibility of future

consecutive sentences, to avoid the risk of incurring the potential maximum penalty of ninety years. Additionally, Kendrick was not prejudiced by the omitted advisement because he did not receive a consecutive sentence in this cause. *See Hennings v. State* (1984), Ind.App., 465 N.E.2d 1142.

Judgment affirmed.

BUCHANAN and SULLIVAN, JJ., concur.