James KENDRICK, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S02–8811–PC–919.

Supreme Court of Indiana.

Nov. 7, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Kendrick brought his appeal of a judgment denying post-conviction relief in the form of permission to withdraw a plea of guilty. The Court of Appeals affirmed the judgment in *Kendrick v. State* (1988), Ind.App., 517 N.E.2d 810. Appellant's petition to transfer is now granted.

Appellant entered his plea of guilty to one of several counts pending in a single cause in the Marion County Superior Court, Division One. The plea was made as part of a plea agreement which disposed of all counts in that single cause. At the time of the plea of guilty there were other charges pending against appellant in another division of the Marion County Superior Court, but these charges were not noted in the plea agreement or the plea proceeding in Division One. The Court accepted the plea but did not advise appellant of the possibility of consecutive sentences, an advisement prescribed by I.C. § 35–4.1–1–3(d) [Burns 1979], now I.C. § 35–35–1–2(a)(3). He received a single eight year term of imprisonment.

Following the imposition of sentence in Division One, appellant entered his plea of guilty to the other pending charges, and pursuant to another plea agreement received two sentences to run consecutive to one another and consecutive to the sentence of eight years given in Division One noted above.

Appellant sought to withdraw the plea of guilty made in Division One because of the lack of an advice that as a consequence of the plea he would face the possibility that later sentences in the other division of the Superior Court could be ordered served consecutive to the one he would then be serving.

■ Trial courts, in the absence of express statutory authority, cannot order consecutive sentences, i.e., the commencement of a sentence cannot, in the absence of express statutory authority, be postponed.

*Baromich v. State*, (1969) 252 Ind. 412, 249 N.E.2d 30.

The authority to postpone the commencement of a sentence, i.e., to order consecutive sentences, is granted by I.C. § 35–50–1–2. That part of the statute upon which appellant must premise his claim states:

"...the court shall determine whether terms of imprisonment shall be served concurrently or consecutively."

I.C. § 35–50–1–2(a). This provision, apart from the mandatory duty to give consecutive sentences in specified circumstances set out in I.C. § 35–50–1–2(b), grants a general discretionary authority to the trial court to order consecutive sentences whenever such an order is justified by sufficient reason which must be articulated. *Shippen v. State* (1985), Ind., 477 N.E.2d 903.

The language employed in Section (a) above by the legislature is restrictive. The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.

■ In the case on appeal, the Division One sentencing court was imposing a single sentence upon a plea of guilty to one of several counts, upon a plea agreement which called for a single sentence. There was therefore no occasion for the exercise of the general authority to order consecutive sentences granted by I.C. § 35–50–1–2(a). See *Stockey v. State* (1987), Ind., 508 N.E.2d 793. *Frazier v. State* (1987), Ind.App., 512 N.E.2d 215. Furthermore, and most importantly here, there would at a later time in the future, when sentencing upon the other pending charges, in the absence of some agreement between the defense and prosecution, be no occasion for the exercise of that same authority.

Thus the trial court below in the post-conviction proceeding was correct in concluding as a matter of law that there was no possibility of consecutive sentences arising as a result of appellant's plea of guilty while other charges pended against him. Consequently the lack of an advisement of such non-existent possibility could not impact the decision to plead guilty. *White v. State* (1986), Ind., 497 N.E.2d 893. Appellant's choice to plead guilty was not unknowing or involuntary as a result of the absence of an advice by the trial court regarding the possibility of consecutive sentences.

The judgment denying post-conviction relief is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

PIVARNIK, J., concurs in result with separate opinion in which GIVAN, J., concurs.

PIVARNIK, Justice, concurring in result only.

I concur in the holding of the majority that the post-conviction proceeding was correct in concluding as a matter of law that there was no possibility of consecutive sentences as a result of Kendrick's plea of guilty since no other charge or sentence was before the sentencing court at that time. It is also clear Kendrick chose to plead guilty in a knowing and voluntary manner.

The problems Kendrick complains of here arose in subsequent sentencings by another court in the same county where sentences in that court were made consecutive to the sentence in the instant cause. The propriety of the actions in the other court are not before us in this cause. I therefore take issue with the majority when it attempts to resolve problems articulated by Kendrick that arose in the subsequent sentencings. I also disagree with the analysis and disposition the majority predicts in the subsequent sentencings. I do not find the language in IC 35–50–1–2(a) to be as restrictive as the majority finds it to be. There is nothing in § (a) that gives rise to the majority's statement: "The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment." The court of ap-

peals, in *Frazier v. State* (1987), Ind.App., 512 N.E.2d 215, 216, stated:

> The statute provides that the court shall determine whether terms of imprisonment shall be served consecutively. There must, of course, be at least two terms of imprisonment involved before there is anything for the statute to operate upon. We believe the language employed by the legislature necessarily presupposes that when the critical (second) sentence is imposed so as to invoke the statute, the other sentence(s) must already have been imposed or at least, must be imposed contemporaneously therewith.

In *Frazier*, the sentencing judge ordered Frazier's ten (10) year sentence for burglary, a class C felony, to be served consecutively to whatever sentence the judge was to impose in another case. The *Frazier* court held there could not be imposition of consecutive sentencing when at the time the sentence was imposed the defendant had pleaded guilty but had not yet been sentenced on the other offense. That is not the situation here. Kendrick had been sentenced on the instant charge and there was at that time no other sentence for the trial court to make this sentence consecutive to. In the subsequent sentencing, the sentence in the instant cause did exist. I do not interpret § (a) to prohibit the trial court there from making that sentence consecutive to the one imposed by Judge Tranberg in the instant cause. I fear all of this is *dicta* in the majority opinion and in this concurring opinion since the issue will not be before us unless it is raised in the subsequent sentencing received by Kendrick in the other court in the county. In view of the fact the majority raised the issue, however, I feel I must respond to it in this manner. I concur in the result the majority has reached.

GIVAN, J., concurs.