**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BETH ANN FOLZ**
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY D. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 65A01-1310-CR-473 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE POSEY CIRCUIT COURT
The Honorable S. Brent Almon, Judge
Cause No. 65D01-1209-FA-434

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Jeremy D. Jones pled guilty to child molesting, a Class B felony. He challenges his sentence, raising one issue on appeal: whether the trial court erred by ordering his sentence to be served consecutively with a sentence for another crime for which Jones had been charged but not yet sentenced. We conclude the trial court's order for Jones to receive a consecutive sentence was not authorized by statute; however, Jones is estopped from challenging an illegal sentence he bargained for in a beneficial plea agreement. We affirm.

## Facts and Procedural History

On September 26, 2012, the State charged Jones with child molesting, a Class A felony, and incest, a Class B felony. The charges were filed in Posey County. On September 11, 2013, Jones pled guilty to one count of child molesting as a Class B felony, and the charging information was amended to reflect that agreement. Jones was also charged with similar offenses in Warrick County, and Jones also pled guilty in that case.

Jones and the State filed a joint sentencing recommendation in Posey County pursuant to the plea agreement:

1. [Jones] agrees to plead guilty to Amended Count 1: Child Molesting, a Class B Felony.
2. At the time of acceptance of the guilty plea and at the time of [Jones's] sentence, the State and [Jones] recommend that [Jones] be sentenced as follows:
   a. Count 1: The Court [is] to decide the sentence which does not exceed twelve (12) years and with both sides reserving the right to argue for an appropriate sentence. The Court will also decide whether the sentence in 65D01-1209-FA-434 would be served concurrently with or consecutively to any sentence received in the Warrick County under cause 87C01-1209-FB-383;
   b. Count 2: will be dismissed upon [Jones's] plea and sentencing in Count 1.

Appellant's Appendix at 36.

A sentencing hearing was held, and the trial court sentenced Jones to ten years executed with the Indiana Department of Correction and ordered that sentence to be served consecutive to any sentence resulting from the case in Warrick County under cause 87C01-1209-FB-383. This appeal followed.

Discussion and Decision

Jones argues on appeal that the trial court erred when it ordered Jones's sentence to be served consecutive to any forthcoming sentence imposed as a result of his pending criminal case in Warrick County. Indiana Code section 35-50-1-2 governs the trial court's authority to order consecutive sentencing and states in relevant part that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." Ind. Code § 35-50-1-2(c).

Jones relies on our decision in Frazier v. State, 512 N.E.2d 215 (Ind. Ct. App. 1987), trans. denied. In Frazier, the defendant was convicted of burglary following a jury trial. The trial court ordered his sentence to be served consecutively with any sentence handed down in another case in which Frazier had pled guilty but had not yet been sentenced. Examining the statute authorizing consecutive sentencing, this court said "the language employed by the legislature necessarily presupposes that when the critical (second) sentence is imposed so as to invoke the statute, the other sentence(s) must already have been imposed or, at least, must be imposed contemporaneously therewith." Id. at 216. Thus, the court held the trial court did not have authority to impose a consecutive sentence where no other prior or contemporaneous sentence existed. Id. at 217.

The State concedes that Frazier is on point. Without citation to authority, the State suggests that a "better rule" would be to overlook the trial court's error and view it as a recommendation to any court imposing a subsequent sentence.[1]  Brief of Appellee at 4.

As a general rule, "[c]ourts are limited to imposing sentences that are authorized by statute, rather than only being limited to sentences that are not prohibited by statute." Wilson v. State, 5 N.E.3d 759, 762 (Ind. 2014) (quoting Wilson v. State, 988 N.E.2d 1221, 1224 (Ind. Ct. App. 2013) (Robb, C.J., dissenting)) (emphasis in original).  We agree with Jones that Frazier clearly establishes that the trial court did not have statutory authority to order a consecutive sentence here. Ordinarily, that would be the end of the matter.  However, the particular circumstances of this case—specifically, the existence and nature of Jones's plea agreement—bring this case outside the limits of Frazier and lead us to a different result.

Our supreme court has previously held "[a] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004).  Applying that principle in Stites v. State, our supreme court held a defendant's sentence was not invalid on the ground that the trial court lacked statutory authority to impose a consecutive sentence, where the defendant entered into a plea agreement that provided for a consecutive sentence.  829 N.E.2d 527, 528 (Ind. 2005).

---

[1] The State proposes that we ignore the trial court's error because, in the State's view, curative action should not be taken until a defendant suffers a more concrete harm.  Under the State's suggested rule, a defendant could not challenge a trial court's unauthorized sentence on direct appeal, but instead, a defendant must wait and see if he suffers some "actual harm" before he may seek post-conviction relief.  The State's proposal asks us to presume that other courts and the Department of Correction would understand that the trial court's unauthorized, mandatory sentencing order is actually a recommendation that the justice system is free to ignore—or must ignore, in many instances.  Not only would this be inefficient, but it would undoubtedly cause unnecessary confusion amongst the courts and the Department of Correction if unlawful sentencing orders were allowed to go uncorrected.  Moreover, a defendant has the benefit of counsel when challenging an illegal sentence on direct appeal, but under the State's hypothetical, a defendant would not have the right to assistance of counsel in post-conviction relief.  See Baum v. State, 533 N.E.2d 1200, 1201 (Ind. 1989).  A trial court's sentencing order is either lawful or not.  We believe it is more appropriate to correct any error sooner rather than later, and there is no reason to abandon the rule or procedure from Frazier.

This case is analogous, and we believe <u>Stites</u> requires the same result here. Jones entered into a plea agreement and specifically agreed that "[t]he Court will also decide whether the sentence in 65D01-1209-FA-434 would be served concurrently with or consecutively to any sentence received in the Warrick County under cause 87C01-1209-FB-383." Appellant's App. at 36. Jones received a substantial benefit from his plea. Jones's charges were reduced from an A felony down to a B felony, and he received a sentence cap as part of his plea. Ordinarily, a Class A felony carries a maximum sentence of 50 years, and a Class B felony carries a maximum sentence of twenty years. Ind. Code § 35-50-2-4 and -5 (2013). However, Jones negotiated a plea that capped his potential sentence exposure to twelve years. Just as the court held in <u>Stites</u>, Jones may not strike a favorable bargain, which included giving the trial court discretion to enter a consecutive sentence, and then be heard to complain of a sentence ordered pursuant to the terms of his plea agreement.

We emphasize that our decision here does not disturb the general rule set down in <u>Frazier</u>. The holding in this case is limited to circumstances where a defendant bargains for a consecutive sentence and benefits from his plea agreement. It remains true that a trial court could not order consecutive sentences without statutory authority following a trial, <u>Frazier</u>, 512 N.E.2d 217, nor could a trial court order an unlawful sentence where a plea agreement is silent as to the aspect of the sentence that is not authorized. <u>See</u> <u>Crider v. State</u>, 984 N.E.2d 618, 619 (Ind. 2013) (holding "the waiver of the right to appeal contained in a plea agreement is unenforceable where the sentence imposed is contrary to law and the Defendant did not bargain for the sentence").

### Conclusion

Concluding Jones's consecutive sentence was not authorized by statute but that he is estopped from challenging an illegal sentence he bargained for and received a benefit from, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.