**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 22 2014, 9:47 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID G. TAYLOR**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID G. TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1405-CR-220 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-8404-CF-34

**October 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

David Taylor appeals the denial of his motion to correct erroneous sentence.  We reverse and remand.

## Issue

The restated issue before us is whether the consecutive sentencing portion of Taylor's sentence is facially erroneous and illegal in light of the law that existed at the time of sentencing.

## Facts

On April 10, 1984, Taylor committed an armed robbery in Madison County at about 1:22 a.m.  See Taylor v. State, 506 N.E.2d 468, 469 (Ind. 1987).  At about 4:30 a.m. on the same date, Taylor committed another armed robbery in Johnson County.  See id.; Taylor v. State, 496 N.E.2d 561, 563 (Ind. 1986).  After the Johnson County robbery, Taylor and his accomplice abducted two women; Taylor sexually assaulted one of the women while his accomplice assaulted the other.  See Taylor, 496 N.E.2d at 563-64.  In the Johnson County case, Taylor was convicted of armed robbery, rape, criminal deviate conduct, and two counts of criminal confinement.  See id.

On July 26, 1984, Taylor was found guilty by a jury of one count of Class B felony robbery and one count of Class B felony conspiracy to commit robbery in the Madison County case.  On August 21, 1984, the trial court imposed sentences of twenty years for each conviction and ordered "that the sentences shall run consecutive to each other and to any other sentences that the defendant may have received or may receive from any other

2

county." App. p. 1.[1] Taylor appealed his convictions, arguing only that the trial court had erred in allowing the State to introduce evidence of the Johnson County robbery. Our supreme court affirmed.

Taylor subsequently filed a petition for post-conviction relief. Among the arguments raised, Taylor claimed appellate counsel in his direct appeal had been ineffective for not challenging the trial court's order that his sentences be served consecutive to "any other sentences that the defendant may have received or may receive from any other county." Id. This court rejected that argument, finding appellate counsel's performance was not deficient because caselaw at the time of the direct appeal did not yet exist that would have supported the consecutive sentencing argument. See Taylor v. State, No. 48A02-0008-PC-527, slip op. pp. 9-11 (Ind. Ct. App. Apr. 6, 2001) (citing Kendrick v. State, 529 N.E.2d 1311 (Ind. 1988) and McCurry v. State, 718 N.E.2d 1201 (Ind. Ct. App. 1999), trans. denied). Our supreme court denied transfer.

On September 20, 2012, Taylor filed a motion to correct erroneous sentence, again attacking the consecutive sentencing language of the sentencing order. The trial court denied the motion without conducting a hearing. Taylor now appeals.

**Analysis**

Indiana Code Section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be

---

[1] The State argues that Taylor has waived his appellate arguments by not including a copy of the sentencing order in his appendix. Taylor did include a copy of the CCS, which contains a full verbatim recitation of the sentencing order. We deem this to be sufficient to review Taylor's motion to correct erroneous sentence, especially because "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument." Ind. Appellate Rule 49(B).

3

> corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Motions to correct erroneous sentence are appropriate only to address sentencing errors that are clear from the face of the sentencing judgment in light of applicable statutory authority. Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Id. Additionally, a motion to correct sentence based on clear facial error is not the equivalent of a post-conviction petition and does not require the seeking of prior authorization necessary for a successive post-conviction relief petition in the event a defendant already has pursued such relief. Id. at 788.

A trial court must sentence convicted criminals within statutorily prescribed limits, and any sentence that is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence. Ben-Yisrayl v. State, 908 N.E.2d 1223, 1228 (Ind. Ct. App. 2009), trans. denied. A sentence that exceeds statutory authority constitutes fundamental error and is subject to correction at any time. Id. We are duty bound to correct an illegal sentence and cannot ignore such an illegality. Hull v. State, 799 N.E.2d 1178, 1181 (Ind. Ct. App. 2003); see also Puckett v. State, 843 N.E.2d 959, 963 (Ind. Ct. App. 2006).

A trial court generally cannot order consecutive sentences in the absence of express statutory authority to do so. Lee v. State, 816 N.E.2d 35, 37 (Ind. 2004). At the time Taylor committed these offenses, the discretionary consecutive sentencing statute, Indiana Code Section 35-50-1-2(a), stated, "Except as provided in subsection (b) of this section,

4

the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." This language only allowed trial courts to impose consecutive sentences in cases where a trial court was meting out two or more terms of imprisonment contemporaneously. Lee, 816 N.E.2d at 37 (citing Kendrick v. State, 529 N.E.2d 1311, 1312 (Ind. 1988). In other words, as interpreted by Kendrick and like cases, it was well-settled that a trial court generally could not order a sentence to be served consecutive to another sentence entered by another court. Davidson v. State, 763 N.E.2d 441, 445 (Ind. 2002), cert. denied; see also Seay v. State, 550 N.E.2d 1284, 1289 (Ind. 1990); Frazier v. State, 512 N.E.2d 215, 217 (Ind. Ct. App. 1987) (holding trial court lacked authority under Indiana Code Section 35-50-1-2(a) to order sentence to be served consecutive to sentence yet to be imposed in a different case in which defendant had pled guilty but not yet been sentenced), trans. denied.

The sole exception to this rule was found in subsection (b) of Indiana Code Section 35-50-1-2 as it existed in 1984, which mandated the imposition of consecutive sentences "[i]f a person commits a crime: (1) after having been arrested for another crime; and (2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime," regardless of whether the trial court was contemporaneously imposing sentence for both crimes. However, our supreme court required a trial court imposing consecutive sentences to expressly indicate in the sentencing order whether the mandatory provision, subsection (b), or the discretionary provision, subsection (a), applied in order for a consecutive sentencing order to be appropriate. Bartruff v. State, 553 N.E.2d 485, 487-88 (Ind. 1990). In 1994, Indiana Code Section 35-50-1-2 was amended to

5

effectively overrule the Kendrick line of cases by including language allowing the discretionary imposition of consecutive sentences "even if the sentences are not imposed at the same time." I.C. § 35-50-1-2(c).

Taylor argues that Indiana Code Section 35-50-1-2, as it existed at the time of his conviction and sentencing and as interpreted by Kendrick and similar cases, made the trial court's sentencing order facially erroneous. The State makes several arguments in response, most of which do not address the merits of Taylor's claim. First, the State argues that Taylor has waived his claim regarding the illegality of the sentence by not challenging it in his direct appeal or in his post-conviction petition. We directly rejected an argument such as this in Watkins v. State, 588 N.E.2d 1342 (Ind. Ct. App. 1992). In that case, a defendant failed on direct appeal to challenge his 1983 sentence as illegally imposing consecutive sentences in violation of Kendrick. Upon later filing of a motion to correct erroneous sentence, we held the defendant was entitled to correction of the sentence because it was facially erroneous in violation of express statutory authority, despite his failure to challenge it on direct appeal. Watkins, 588 N.E.2d at 1344-45. We noted our duty to correct facially erroneous sentences and also stated, "[t]he length of time intervening between an original erroneous sentence and the correction thereof does not affect the power of the courts to correct the sentencing error." Id. at 1344. Per Watkins's clear holding, Taylor has not waived his facial challenge to his sentence by failing to challenge it earlier. We also note that the only situation under which our supreme court has found that a defendant may waive objection to an illegal sentence is where a defendant pleads guilty under an agreement that expressly specifies imposition of an illegal sentence;

6

there has been no other situation in which our supreme court has found waiver of a challenge to an illegal sentence. See Crider v. State, 984 N.E.2d 618, 625 (Ind. 2013).

The State makes a second argument that we rejected in Watkins. Specifically, the State notes that the earliest case Taylor cites, Frazier, was not decided until three years after Taylor was sentenced and, therefore, Taylor cannot rely upon it in challenging his sentence. In Watkins, the State made a similar argument, namely, that the defendant could not retroactively rely upon the 1988 Kendrick opinion in challenging his sentence imposed in 1983. We disagreed, holding that Kendrick did not create a "new rule" whose retroactive application was barred in cases that had become final before the rule was announced. Id. at 1345. Rather, we noted that Kendrick simply interpreted the consecutive sentencing statute as it existed at the time of the defendant's sentencing and that there did not exist any contrary authority at the time, nor in fact was there any authority that would have authorized the trial court's consecutive sentencing order. Id. Thus, pursuant to Watkins, cases such as Frazier and Kendrick are binding upon our interpretation of the legality of Taylor's sentence, despite their having been decided after that sentence was imposed. See id.

Next, the State argues that Taylor's challenge to his sentence is barred by res judicata, because he challenged the consecutive sentencing order in his post-conviction relief petition under the guise of ineffective assistance of appellate counsel. As the State correctly notes, the doctrine of res judicata generally prevents the repetitious litigation of essentially the same dispute, and cannot be avoided merely by using different language to phrase an issue and define an alleged error. Ben-Yisrayl v. State, 738 N.E.2d 253, 258

(Ind. 2000), <u>cert. denied</u>. Again, however, there is authority, directly contrary to the State's argument, holding res judicata insufficient by itself to justify denying a motion to correct erroneous sentence, because of the fundamentally erroneous nature of a trial court's imposition of a sentence outside of statutory authority. <u>See</u> <u>Parrett v. State</u>, 800 N.E.2d 620, 623 (Ind. Ct. App. 2003); <u>Weaver v. State</u>, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). We also reiterate that our supreme court has deemed that the filing of a motion to correct erroneous sentence following denial of a post-conviction relief petition does not require the seeking of prior appellate court authorization necessary for successive post-conviction relief petitions. <u>Robinson</u>, 805 N.E.2d at 788. In reaching this holding, our supreme court overruled cases from this court to the contrary, which had relied on the interest of finality in requiring defendants to obtain permission to file a successive post-conviction relief. <u>See,</u> <u>e.g.</u>, <u>Waters v. State</u>, 703 N.E.2d 688, 689 (Ind. Ct. App. 1998), <u>trans. denied</u>. The <u>Robinson</u> holding would seem to undermine relying upon res judicata as a basis for denying a motion to correct erroneous sentence.

Finally, we observe that, in filing his post-conviction relief petition, Taylor was required to frame his challenge to his sentence as one of ineffective assistance of counsel; he was not permitted to bring a freestanding claim of error in his sentencing at that time, even if it was fundamental error. <u>See</u> <u>Bailey v. State</u>, 472 N.E.2d 1260, 1263 (Ind. 1985). And, in rejecting Taylor's ineffective assistance claim, we clearly relied upon the sufficient performance prong, noting that <u>Kendrick</u> had not yet been decided when Taylor's direct appeal took place and refusing to fault counsel for failing to anticipate that case's holding. <u>See</u> <u>Taylor</u>, No. 48A02-0008-PC-527, slip op. pp. 9-11. We did not issue any opinion on

8

whether Taylor would have been prejudiced if counsel's performance had been deficient; in other words, we did not hold that Taylor would not have been successful on direct appeal if he had challenged his consecutive sentences or otherwise opine upon the legality of the sentence. Now, Taylor has brought his claim of facial sentencing error through the proper vehicle for such claims: a motion to correct erroneous sentence. We will address the merits of that motion.

The trial court's sentencing order required that the sentences Taylor received in Madison County "shall run consecutive . . . to any other sentences that the defendant may have received or may receive from any other county." App. p. 1. The State contends that this language is not facially erroneous because, at least in part, it might only have required the sentence to be served consecutive to another sentence that Taylor already was serving when he committed the Madison County offenses; if such was the case, the mandatory consecutive sentencing provision in effect at the time would apply. See Haggard v. State, 445 N.E.2d 969, 973 (Ind. 1983). Indeed, the sentencing order refers to Taylor having been "on parole at the time of the commission of the offenses . . . ." Id.[2] However, for a consecutive sentencing order to be valid under the version of the statute in effect at the time, our supreme court required sentencing orders or the record to be clear as to whether a trial court was relying upon discretionary or mandatory consecutive sentencing authority. Bartruff, 553 N.E.2d at 487-88. There is no such clarity here. Furthermore, even if there

---

[2] Taylor's motion to correct erroneous sentence states that he was on parole from Kentucky when he committed the 1984 offenses.

could have been a basis for mandatory consecutive sentencing with respect to a pre-existing sentence, there simply is no possible justification, under <u>Kendrick</u> and like cases, for the trial court's order that the Madison County sentence be served consecutive to any sentence Taylor "<u>may</u> receive from any other county." App. p. 1.[3]

We, therefore, find the trial court's sentencing order to be facially erroneous and in need of correction. If the trial court wishes to retain consecutive sentencing in some form, it must more clearly state whether Taylor's sentence in Madison County is required to be served consecutive to another pre-existing sentence of probation, parole, or imprisonment that he was serving when he committed the Madison County offenses, in accordance with the mandatory consecutive sentencing statute as it existed in 1984. The requirement that the Madison County sentence be served consecutive to any sentence that did not yet exist and that might be imposed by another court is illegal, has no possible cure, and must be completely excised.

### Conclusion

Taylor's motion to correct erroneous sentence is not barred by waiver or res judicata. The trial court's consecutive sentencing order is facially erroneous, under the statute in existence at the time of Taylor's sentencing, and must be corrected. We reverse and remand for correction of the sentencing order in accordance with this opinion.

---

[3] It is clear, in reading the 1986 opinions in Taylor's direct appeals, that there could not be mandatory consecutive sentencing with respect to the Madison County and Johnson County offenses; Taylor was not arrested for the first offenses in Madison County before committing the Johnson County offenses. <u>See</u> <u>Thompson v. State</u>, 634 N.E.2d 775, 777 (Ind. Ct. App. 1994).

Reversed and remanded.

BRADFORD, J., and BROWN, J., concur.