## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2015, 8:51 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

David G. Taylor
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

David G. Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 19, 2015

Court of Appeals Case No.
41A01-1502-CR-74

Appeal from the Johnson Circuit
Court
The Honorable K. Mark Loyd
Trial Court Cause No. 9003

**Bradford, Judge.**

# Case Summary

[1] In 1984, Appellant David G. Taylor was convicted of a number of crimes, including: Class B felony armed robbery, two counts of Class B felony criminal

confinement, Class A felony rape, and Class A felony criminal deviate conduct. Taylor was also determined to be a habitual offender. Taylor was subsequently sentenced to an aggregate term of 175 years. This aggregate term included a thirty-year habitual offender enhancement. Taylor's sentences were affirmed by the Indiana Supreme Court.

[2] In 2000, Taylor was granted partial post-conviction relief. In granting Taylor partial relief, the post-conviction court vacated the previous habitual offender determination and ordered a jury trial on the habitual offender count. In 2003, a jury determined that Taylor was a habitual offender. In light of the jury's determination, Taylor's sentence was again enhanced by thirty years. The habitual offender determination was affirmed by this court.

[3] On December 1, 2014, Taylor filed a motion requesting the trial court to correct an alleged discrepancy between the sentencing order and the abstract of judgment. Appellee the State of Indiana (the "State") responded, stating that there was no discrepancy in the sentencing documents. The trial court denied Taylor's motion. The instant appeal stems from the trial court's denial of his motion. We affirm.

# Facts and Procedural History

[4] The facts, as set forth by the Indiana Supreme Court in Taylor's prior direct appeal, are as follows:

Taylor and his accomplice, Robert Adams, entered the Waffle and Steak Restaurant in Franklin, Indiana, about 4:30 a.m. on April 10, 1984. They ordered coffee and propositioned the waitress. The cook was the only other employee in the restaurant. When the last customer left, the two men approached the register, displayed a gun and demanded money. After the waitress gave them the cash drawer, the two men forced the women into their vehicle at gunpoint.

The two women initially rode in the back seat while the men were in front. Armed with a gun, Taylor told the women to take off their clothes and threatened to "blow (their) heads off" if they refused. Taylor hit the cook in the face and pointed the gun at both women as they disrobed. Both Taylor and Adams repeatedly said they were escapees from a federal prison and would "lose nothing" by killing the women.

Taylor passed the gun to Adams, who aimed it at the women as he drove the vehicle. Appellant moved into the backseat and sat at one end next to the cook. He lowered his pants and forced the cook to perform oral sex as he held the gun to her head. Taylor ordered the waitress to go to the front seat to give Adams "a hand." Taylor proceeded to rape the cook in the back seat, while Adams forced the waitress to perform oral sex on him. At some point, the gun was passed back to Taylor, who ordered the cook to make a lewd comment to the waitress. When the cook refused, Taylor held the gun to her head and threatened to kill her.

Adams pushed the waitress across the front seat. She opened the door and jumped out as the car was traveling at about 60 m.p.h. along I-65. A passing truck driver spotted the waitress almost immediately as she stood by the roadway covered with abrasions and blood and wearing only a bra. The truck driver stopped and radioed police, who dispatched a description of the vehicle to patrolling squad cars.

Immediately after the waitress jumped from the vehicle, Adams said he wished that he had had the gun in his hands because he would have killed her. Taylor continued his sexual assault of the cook in the back seat until Adams requested that the men change places. They stopped briefly while the switch was made. Soon afterward, a police vehicle began following them. A high-speed chase began. When Taylor tried to exit the highway, the car hit a guardrail before coming to a stop.

Adams ran from the vehicle and escaped. Police found Taylor and the cook within the vehicle.

*Taylor v. State*, 496 N.E.2d 561, 563-64 (Ind. 1986).

[5]     On April 10, 1984, the State charged Taylor with one count of Class B felony armed robbery, two counts of Class B felony criminal confinement, one count of Class A felony rape, and one count of Class A felony criminal deviate conduct. The State also alleged that Taylor was a habitual offender. On June 18, 1984, Taylor pled guilty to the Class B felony armed robbery and Class B felony criminal confinement counts. On June 27, 1984, a jury found Taylor guilty of the Class A felony rape and Class A felony criminal deviate conduct charges. Two days later, on June 29, 1984, the trial court found Taylor to be a habitual offender.

[6]     Also on June 29, 1984, the trial court conducted a sentencing hearing. During the sentencing hearing, Taylor threatened to kill the prosecutor if he were ever released from prison.[1] The trial court sentenced Taylor to fifteen years on each

---

[1] The specifics of this threat are as follows:

> [The Court]:    [T]here's also to consider that you did just threaten to kill the Prosecutor if you ever got out of jail.
>
> [Defendant]:    And I meant that.
>
> [The Court]:    Yeah, I know you did.
>
> [Defendant]:    I meant that, -
>
> [The Court]:    I believe you –
>
> [Defendant]:    - with all of my heart I meant that.

of the three Class B felony convictions and to fifty years on each of the two Class A felony convictions. The trial court enhanced one of the fifteen-year sentences by thirty years by virtue of Taylor's status as a habitual offender. The trial court ordered each of the sentences to run consecutively to the others, for a total aggregate 175-year sentence. The Indiana Supreme Court affirmed Taylor's convictions in an opinion issued on August 20, 1986. *See id*. at 567.

[7] In April of 1997, Taylor filed a petition for post-conviction relief ("PCR"). On December 22, 2000, the post-conviction court granted Taylor partial relief. In granting Taylor partial relief, the post-conviction court vacated the habitual offender finding and order a jury trial on the habitual offender count. On April 16, 2003, a jury found Taylor to be a habitual offender. The trial court subsequently enhanced Taylor's fifteen year sentence for Class B felony armed robbery by fifteen years by virtue of the habitual offender determination. *See Taylor v. State*, No. 41A01-0512-CR-564 *3 (Ind. Ct. App. Aug. 28, 2006). This

---

[The Court]: - I believe you when you say that, I really do.

[Defendant]: And you can believe I'll be out there again one of these days, whether I get 200 years, 300, it don't matter, I'll be back on them streets, and when I do I'll be knocking [on] your door.

[The Court]: Well, -

[Defendant]: So be expecting that.

[The Court]: Well, I expect I'll be dead myself before you get out of jail, Mr. Taylor.

Tr. pp. 1323-24.

court subsequently affirmed the jury's determination that Taylor was a habitual offender. *Id*. at *7.

[8] On December 1, 2014, Taylor filed a motion requesting the trial court to correct an alleged discrepancy between the sentencing order and the abstract of judgment. Specifically, Taylor claimed that a discrepancy existed between the written sentencing order and the abstract of judgment with regard to whether all of his sentences were to be served consecutively to the others. The State responded, stating that because it was clear from the record that each of the sentences was to be served consecutively to the others for an aggregate 175-year sentence, there was no discrepancy in the sentencing documents. The trial court denied Taylor's motion. This appeal follows.

## Discussion and Decision

[9] Taylor challenges the trial courts denial of his December 1, 2014 motion on appeal, arguing that a discrepancy between the sentencing order and the abstract of judgment existed. Specifically, Taylor argues that unlike the abstract of judgment, the sentencing order did not specify whether the sentences imposed in relation to his Class A felony convictions were to run consecutive to the sentences imposed in relation to his Class B felony convictions and the determination that he was a habitual offender. For its part, the State argues that review of the record makes it clear that there is no discrepancy between the sentencing documents. We agree with the State.

[10] In support of his claim, Taylor cites to *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007), in which the Indiana Supreme Court provided that because an abstract of judgment and a written sentencing order are typically distinct documents, "[a]s a general rule, when we are faced with a discrepancy between a sentencing order and an abstract of judgment, we conclude that the sentencing statement rather than the abstract of judgment controls." Taylor fails to recognize, however, that "[t]he approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court." *McElroy*, 865 N.E.2d at 589 (citations omitted). Rather than presuming the superior accuracy of one statement over the other, we examine both the written sentencing documents and oral statement alongside each other in order to assess the conclusions of the trial court. *See id*. This Court then has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id*.; *Berry v. State*, 23 N.E.3d 854, 857 (Ind. Ct. App. 2015).

[11] Here, the abstract of judgment clearly indicates that all of the convictions were to be served consecutively to the others for an aggregate 175-year sentence. The written sentencing order sets forth a fifteen-year term of imprisonment for each of Taylor's three Class B felony convictions and a thirty-year habitual offender enhancement and states that each sentence shall run consecutively. The document also sets forth a fifty-year term of imprisonment for each of Taylor's two Class A felony convictions and states that each sentence shall run consecutively. The only possible inference from this document is that the trial

court intended for all of the sentences to run consecutively. Furthermore, the trial court also explicitly stated in its oral sentencing statement that all of the convictions were to be served consecutively to the others for an aggregate 175-year sentence.

[12] Upon reading the sentencing documents together with the trial court's oral sentencing statement, it is unambiguously clear that the trial court intended for all of the imposed sentences to be run consecutively, for an aggregate 175-year sentence. We therefore conclude that there is no discrepancy between the sentencing documents. As such, we further conclude that the trial court did not err in denying Taylor's December 1, 2014 motion.

[13] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.