FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAJUANDA BERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-CR-140 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1309-CM-59338

**January 8, 2015**

**OPINION - FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Tajuanda Berry ("Berry") appeals her sentence, after a bench trial, for Class A misdemeanor trespass.[1] On appeal, she claims that the trial court erred by ordering her to stay away from all properties managed by the Indianapolis Housing Agency ("IHA"). She asks that this Court vacate the order because the order is overly broad and not related to any rehabilitative goal or maintenance of public safety. Concluding that the trial court's statement was not part of its imposed sentence, we affirm Berry's sentence.

We affirm.

## ISSUE

We restate the issue in Berry's appeal as follows: whether the trial court imposed a stay away order as part of Berry's sentence.

## FACTS

Barton Tower is a property owned and managed by the IHA as a residence for low-income, disabled, or handicapped people over the age of fifty. Berry's father is a resident of Barton Tower.

On September 6, 2013, Barton Tower security officer Sergeant Terri Smith ("Sergeant Smith") informed Berry that she was no longer welcome on any of IHA's properties and banned her from Barton Tower and all other property owned or managed by IHA. Sergeant Smith completed the ban order, gave it to Berry, and informed her that if she was found on the property again, she would be arrested.

---

[1] IND. CODE § 35-43-2-2.

The next day, Sergeant Smith observed Berry, through surveillance video, entering Barton Tower. Sergeant Smith went to Berry's father's apartment, saw Berry inside, and spoke with her. Sergeant Smith called the police and when officers arrived, Berry admitted that IHA had banned her from the building. Officers then placed Berry under arrest.

On September 7, 2013, the State of Indiana charged Berry with trespass, a Class A misdemeanor. A bench trial was held on February 4, 2014, and the trial court found her guilty. The court sentenced Berry to 365 days in the Marion County Jail, credited her with four days served, and suspended the balance of the sentence. The trial court did not place her on probation but ordered that she complete fifty-six hours of community service. Before the end of the sentencing hearing, the court had the following exchange with Berry:

> The Court: Alright [sic]. Did I tell you [that] you have to stay away from all Indianapolis Housing Authority properties in Marion County?
>
> Ms. Berry: Yes, ma'am.
>
> The Court: If you go back to another property and you have this list and your attorney is going to make sure you have this, right? And, it's my understand[ing] you have signed it and you were given a copy previously.
>
> Ms. Berry: Yes, ma'am.
>
> The Court: So, if you go back to any Indianapolis Housing Authority properties you could be charged with Trespass as a Class D felony. And a Class D felony carries a penalty of six (6) months to three (3) years in prison with a maximum fine of Ten Thousand Dollars ($10,000). Do you understand?
>
> Ms. Berry: Yes, ma'am.

The Court: Do you understand?

Ms. Berry: Yes, ma'am.

The Court: You will not get anything in writing it is me telling you -

Ms. Berry: Yes, ma'am.

The Court: Do you understand?

Ms. Berry: Yes, ma'am.

The Court: Alright [sic]. Do you have any questions?

Ms. Berry: No, ma'am, I just really-I just-this is-this is just weird to me but, I understand, yeah.

(Tr. 34-35). Berry now appeals.

### DECISION

Berry appeals her sentence for Class A misdemeanor trespass. Specifically, Berry claims that the trial court erred at sentencing by ordering her to stay away from all IHA properties. She requests that we vacate the order because it is overly broad. Berry relies on our decision in *Hurd v. State*, 9 N.E.3d 720 (Ind. Ct. App. 2014) to argue that the trial court issued an unreasonably broad stay away order. The State counters that Berry's appeal is moot because this Court is the wrong forum to challenge whether the IHA's ban is overly broad. Having reframed the issue, we see the dispositive question as whether the trial court in fact issued a stay away order at all, and we find it did not.

Berry argues that the trial court did in fact order her to stay away from all IHA properties because the stay away order was included in the abstract of judgment. Typically, an abstract of judgment is distinct from a written sentencing order and is not

4

the "judgment of conviction." *Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004). It is a "form issued by the Department of Correction and completed by trial judges for the convenience of the Department." *Id.* at 792. In contrast, a valid written judgment contains the following statutory requirements:

(1) the crime for which the convicted person is adjudged guilty and the classification of the criminal offense;

(2) the period, if any, for which the person is rendered incapable of holding any office of trust or profit;

(3) the amount of the fines or costs assessed, if any, whether or not the convicted person is indigent, and the method by which the fines or costs are to be satisfied;

(4) the amount of credit, including credit time earned, for time spent in confinement before sentencing; and

(5) the amount to be credited toward payment of the fines or costs for time spent in confinement before sentencing.

IND. CODE § 35-38-3-2(b). The above information was included in Berry's abstract of judgment as well as the chronological case summary, the official record of a trial court's actions. *See* Ind. Trial Rule 77(B). Thus, technically speaking, the stay away order was included in Berry's sentence. However, on appeal, our review of a trial court's findings at sentencing is not limited to the sentencing order or abstract of judgment.

In reviewing sentences in non-capital cases, appellate courts examine both the written and oral sentencing statements to discern the findings of the trial court. *Murrell v. State*, 960 N.E.2d 854, 859-60 (Ind. Ct. App. 2012) (citing *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007)). Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the

conclusions of the trial court. *Id.* This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.*

Here, the trial court advised Berry that she *could be charged* with felony trespass if she went back to Barton Tower or any other IHA property. In fact, the trial court specifically said, "You will not get anything in writing it is me telling you[.]" (Tr. 34-35). We further note that the court appeared to pronounce Berry's sentence as follows:

> The Court: Alright, [sic] thank you. Court will sentence the defendant to three hundred sixty-five (365) days in jail with three hundred sixty-one (361) days suspended with four (4) days credit that's two (2) actual days plus two (2) credit days and zero (0) days remaining to be served. You will not be on probation but, you must complete fifty-six (56) hours of community service work. Is there any reason why your client can't pay costs and fines?
>
> Defense Counsel: Um, Your Honor, my client has been out of work for a couple of years, she does not have the financial resources. We would ask that she be found indigent to fines and costs.
>
> The Court: Indigent to fines and costs. Compliance date will be May the 30th, 2014 at one (1:00) o'clock in the afternoon, ma'am that is when I will need you back here with your community service work completed. If you want to appeal this decision you have thirty (30) days from today's date. Do you understand that?
>
> Ms. Berry: Yes, ma'am.
>
> THE COURT: Alright. Anything else?

(Tr. 33-34). Given the trial court's statements and the fact that Berry's only other obligation to the trial court was community service work, we find that the trial court was reminding Berry of IHA's ban and not imposing its own stay away order. Accordingly, and we affirm the trial court.

6

We affirm.

NAJAM, J., and BAILEY, J., concur.