## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2016, 6:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua T. Prince,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 27, 2016<br><br>Court of Appeals Case No.<br>33A01-1512-CR-2236<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Mary G. Willis, Judge<br><br>Trial Court Cause No.<br>33C01-1506-F6-145 |

**Altice, Judge.**

**Case Summary**

[1] Joshua T. Prince was convicted of dealing in a schedule IV controlled substance, a Level 6 felony. Prince appeals, expressly presenting sentence inappropriateness as the sole issue. Within his argument, however, he also contends that the trial court abused its discretion in the consideration of aggravating and mitigating circumstances.

[2] We affirm.

## Facts & Procedural History

[3] On July 24, 2014, Prince sold ten tablets of Diazepam—a schedule IV controlled substance—to a confidential informant working with the Henry County Drug Task Force. The confidential informant was given an audio/video recording device and was able to capture video evidence of the transaction. On June 12, 2015, the State charged Prince with one count of Level 6 felony dealing in a schedule IV controlled substance. Prince entered into a plea agreement with the State on September 17, 2015, wherein he agreed to plead guilty as charged with sentencing left to the trial court's discretion.

[4] At Prince's sentencing hearing on November 12, 2015, the trial court accepted the plea agreement and sentenced Prince to two years executed in the Department of Correction (DOC). The trial court identified three significant aggravating circumstances: (1) violation of conditions of probation, parole or pardon; (2) history of criminal or delinquent activity; and (3) high risk to reoffend. The trial court found Prince's acceptance of responsibility for his crime to be a significant mitigating circumstance, but tempered by a video

recording of the controlled drug transaction between Prince and the confidential informant. Additional facts will be provided as necessary.

## Discussion & Decision

Prince has presented the sole argument of sentence inappropriateness. Within this argument, Prince also contends that the trial court abused its discretion in its consideration of aggravating and mitigating circumstances. We have repeatedly stated that these are two separate arguments and should be addressed and analyzed separately. *See King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). We will therefore address each issue separately.

## I. Abuse of Discretion

Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion by

> (1) failing to enter a sentencing statement, (2) entering a
> sentencing statement that explains reasons for imposing the
> sentence but the record does not support the reasons, (3) the
> sentencing statement omits reasons that are clearly supported by
> the record and advanced for consideration, or (4) the reasons
> given in the sentencing statement are improper as a matter of
> law.

*Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

[7] The trial court may impose any sentence within the statutory range, regardless of the presence of aggravating and mitigating circumstances. *Anglemyer*, 868 N.E.2d at 490-91. Moreover, if the trial court finds aggravating or mitigating circumstances, the court is "no longer obligated to weigh the aggravating and mitigating circumstances against each other" when imposing a sentence. *See Richardson v. State*, 906 N.E.2d 241, 243 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 490-91). Therefore, "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemeyer*, 868 N.E.2d at 491.

[8] Prince's sole argument with respect to the aggravating circumstances is that the trial court abused its discretion when it considered the Indiana Risk Assessment System (IRAS) score.[1] In *Malenchick v. State*, 928 N.E.2d 564, 575 (Ind. 2010), our Supreme Court held that evidence-based offender assessment instruments should not serve as aggravating or mitigating circumstances, but nevertheless encouraged trial courts to use these instruments in "crafting a penal program tailored to each individual defendant." *Id.*

---

[1] The Indiana Risk Assessment System Community Supervision Tool assesses an offender's level of "risk and needs." *Appendix* at 57. The resulting score takes into consideration "criminal history; education, employment and finances; family and social support; neighborhood problems; substance use; peer associations; and criminal attitudes and behaviors." *Id.*

[9] In this case, we observe that the trial court's sentencing decision was clearly based on circumstances apart from Prince's IRAS score. The trial court specifically found as aggravating circumstances that Prince had violated probation, had a history of criminal or delinquent activity, and had a high risk to reoffend. The trial court briefly mentioned Prince's IRAS score, but did not rely upon it as an independent aggravating circumstance.[2] Accordingly we find no error. *Id.* at 568.

[10] With regard to the mitigating circumstances, Prince argues that the trial court did not give significant weight to his guilty plea. As noted above, however, the weight accorded to a specific mitigating circumstance is not subject to review for abuse of discretion. *See Anglemyer*, 868 N.E.2d at 491. "Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating [circumstance] nor required to give the same weight to a proffered mitigating [circumstance] as does the defendant." *Sandleben v. State*, 29 N.E.3d 126, 135-6 (Ind. Ct. App. 2015). Prince's argument is, therefore, improper.

[11] Additionally, Prince argues that the trial court failed to recognize his fourteen years of law-abiding behavior as a mitigating circumstance. An allegation that the trial court failed to identify a mitigating factor requires the defendant to

---

[2] Prince also asserts that the aggravating circumstance of his high risk to reoffend was in the written sentencing order but not in the oral sentencing statement. We have examined the oral statement alongside the written sentencing order and determine that the trial court clearly considered Prince's high risk to reoffend as an aggravating circumstance. *See Berry v. State*, 23 N.E.3d 854, 857 (Ind. Ct. App. 2015) ("Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court").

establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. In September of 2001, Prince was convicted and sentenced to two years suspended to formal probation for possession of marijuana and operating a vehicle while intoxicated. Between September 2001 and June 2015, Prince had no subsequent convictions. However, during those fourteen years, Prince violated his probation and was ordered to serve his previously suspended sentence. Furthermore, he was arrested twice for drug-related activity similar to his current crime. *See Pickens v. State*, 767 N.E.2d 530, 534 (Ind. 2002) (holding that a record of arrests "reveal[s] to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State"). The trial court did not abuse its discretion in rejecting this proffered mitigating circumstance.

[12] Prince also argues that the trial court failed to recognize the lack of serious harm caused to persons or property during the commission of the crime. As we have before held, a "conviction of a crime that does not contain violence as an element is not a circumstance requiring mitigating weight." *Sandleben*, 29 N.E.3d at 136.

[13] The trial court did not abuse its discretion when determining aggravating and mitigating circumstances and the decision was clearly in line with the logic and effect of the facts and circumstances presented.

## II. Inappropriate Sentence

[14]     Prince contends that his two-year executed sentence at the DOC is inappropriate. Specifically, he claims he should have been allowed to serve his sentence on probation. Although the trial court imposed a sentence that is authorized by statute, we may revise Prince's sentence if "after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Sandleben*, 29 N.E.3d at 136. Prince has the burden of persuading our court that the sentence is inappropriate. *See Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

[15]     The statutory sentencing range for a Level 6 felony is six months to two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). Where a sentence should be served is an "appropriate focus for application of our review and revise authority." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 208). However, as a practical matter, we recognize that trial courts "know the feasibility of alternative placements in particular counties or communities." *Id.* at 268.

[16]     With respect to the nature of the offense, Prince sold ten Diazepam tablets to a confidential informant. This was a standard drug transaction; the offense is unremarkable. In reference to Prince's character, a relevant consideration is Prince's criminal history. The record reflects that Prince had a juvenile history, including an adjudication for theft that would have been a Class D felony if committed by an adult. Prince's adult history includes an arrest for possession for marijuana in 1999 and a conviction for possession for marijuana and driving

while intoxicated in 2001. Prince's sentence for his 2001 conviction was suspended to probation, but in 2003—during the fourteen years he allegedly led a law-abiding life—he violated his probation and was ordered to serve his sentence. Prince was subsequently arrested twice for drug-related offenses similar to the current crime. Prince's criminal history reflects poorly on his character.

[17] Prince's two-year executed sentence for dealing in a schedule IV controlled substance was well within the statutory range. Though the nature of the offense was unremarkable, Prince's history of criminal activity, prior probation violation, and continuous involvement with drugs does not reflect positively on his character. Understanding that the trial court has a better understanding of feasibility, Prince failed to persuade us that his placement in the DOC is inappropriate. *See generally King*, 894 N.E.2d at 268. Having reviewed the record, Prince's two-year executed sentence is not inappropriate in light of the nature of the offense and Prince's character.

[18] Judgment affirmed.

[19] Bailey, J. and Bradford, J., concur.